## GEORGE M. HAYNES *et al.*

| 68   203 |
| 51a  426 |

### *v.*

## CYRUS L. HAYES.

1. JUDICIAL ACT—*reference of suit to an attorney to find amount due.* Where the parties to a suit at law waived a jury, and, by agreement, referred the cause to an attorney, who heard the evidence and found the amount due the plaintiff, and the court thereupon rendered judgment for the sum so found: *Held*, no error, as the attorney did no judicial act, and such proceeding was authorized by the act of Feb. 3, 1872, providing for referees to find the amount due from one party to the other, and reporting the same to the court for final action.

2. APPEAL—*stays proceedings.* Where an appeal is allowed to this court, and an appeal bond filed, the court below has no authority to require the appellant to prepare and file a bill of exceptions by a given time, and, in default in so doing, to award an execution. The party has a right to bring his cause to this court without a bill of exceptions. But the judgment will not be reversed for such an error.

APPEAL from the Circuit Court of Jefferson county; the Hon. JAMES M. POLLOCK, Judge, presiding.

Mr. C. H. PATTON, for the appellants.

Mr. J. K. ALBRIGHT, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, commenced in the circuit court of Jefferson county, by Cyrus L. Hayes against George M. Haynes, and Robert A. D. Wilbanks.

At the August term, 1872, a trial was had and judgment rendered in favor of the plaintiff.

The defendants bring the case to this court.

No bill of exceptions was filed. A transcript of the proceedings had in the circuit court, however, shows that at the August term of the circuit court, by agreement, a jury was waived, and the cause submitted to William Stocker for trial, who heard the evidence and argument of counsel, and found

in favor of plaintiff in the sum of $277.22. At this stage of the case, the circuit court rendered judgment for the amount so found due.

The record reads as follows: "It is therefore ordered and adjudged by *the court,* that the said plaintiff have and recover of said defendants the aforesaid sum of $277.22, his damages, together with his costs and charges herein expended, to be taxed by the clerk, and have his execution therefor."

No exception was made to the finding, or to the rendition of the judgment.

Three days after the trial and rendition of judgment, the defendants entered a motion for an appeal to this court. The circuit court allowed the appeal, and fixed the bond at $555. The bond was then and there executed and filed and approved. The court, however, made an order as follows:

"And it is further ordered by the court, that the defendants shall, within five days, present to the said William Stocker a true bill of exceptions, to be by him signed, and that the said bill of exceptions shall be filed in this court within ten days, and if bill of exceptions is not filed, execution to issue."

To this order the defendants excepted.

The first error assigned is, the judgment is void and contrary to law because it was rendered by an attorney and not by a court.

The transcript of the proceedings had in the circuit court shows that these parties waived a jury, and agreed that William Stocker should hear the evidence and determine the amount due. This he did, but he entered no judgment, he performed no judicial act. After he had heard the evidence, and arrived at the amount due, it was reported to the court, and the court rendered judgment for that amount. This proceeding was authorized by an act of the legislature, approved Feb. 3, 1872. See Laws of 1871 and 1872, p. 662.

This act provides that a common law cause in a court of record, by agreement of parties, may be referred to one or more referees, who may hear the evidence, determine amount

due from one to the other, and report the amount to the court, and the court has power to render judgment for the amount so found due.

From the facts before us, this case clearly comes under the provisions of the act of the legislature above cited. The argument of counsel for the defendants, that judicial power can not be delegated, does not apply in this case.

It is urged by appellants, that the order of the circuit court, requiring a bill of exceptions to be signed and filed in ten days, and in default thereof that execution issue, is illegal.

This order of the court was, no doubt, irregular. When the defendants had filed the appeal bond, which was approved by the court, no execution could issue until the case was disposed of in this court. If the defendants saw proper to bring their case to this court without a bill of exceptions, it was their right so to do.

But as the defendants could not be injured by this irregular order of the court, we can not reverse the judgment for that reason.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*