292 GARDNER *et al. v.* RUSSELL. ·[Sept. T.

Opinion of the Court.

SAMUEL S. GARDNER *et al.*

*v.*

SAMUEL I. RUSSELL.

1. PLEADING. If a replication is to a plea not in the record, it might properly be stricken from the files, but it would be no ground of demurrer.

2. BILL OF EXCEPTIONS—*when necessary.* If a trial is had in the court below, of a cause, out of its order, and before its time on the docket, all that was done should be embodied in a bill of exceptions and made a part of the record, in order to have the proceeding reviewed in the Supreme Court.

3. This court can not presume that the court below committed an error. Until overcome by the record all the proceedings in the court below will be presumed to conform to the law, and it is for the party alleging error to show it.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. CHESTER KINNEY, for the appellants.

Messrs. VALLETTE & GARDNER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee brought an action of assumpsit against appellants in the Superior Court of Cook county, on two promissory notes for $500 each, dated November the 10th, 1873, one due June 10th, 1874, and the other on the 10th of August, 1874.

The defendants pleaded the general issue, and special pleas separately, averring breach of warranty and failure of consideration, and filed an affidavit of merits. Replications were filed to the special pleas, and defendants demurred, and the court overruled the demurrer, and the defendants asked leave to rejoin, but the court denied the motion.

It is urged, the court erred in overruling a demurrer to appellee's replications. But we presume no great stress is placed on the .objection, as· the replications are not set out in the

abstract, nor are the defects pointed out in the brief. It is true, it is said that they are double, but we are not referred to what constitutes the duplicity.

Even if it be true that one of the replications is to an imaginary plea, or one not in the record, we fail to see that it would be a ground of demurrer. If there was no plea in the case to which it was replicable, it might properly have been stricken from the files, but as it was, it was merely superfluous and could have worked no injury to appellants. There was no error in this.

It is urged, as the main ground of reversal, that the case was tried out of its order and before its time on the docket.

The record fails to show that such was the fact. It shows that there was an order entered for a speedy trial, but there is nothing appearing from which it can be inferred that this order was ever carried into effect. If such a trial was wrongfully had, all that was done should have been embodied in a bill of exceptions, and made a part of the record. We can not presume that the court below committed an error, but if it did, it must appear from the record. Until overcome by the record, we must presume that all of the proceedings in the court below conform to the law, and it is for the party alleging error to show it. In this case there is no bill of exceptions, and we must presume that the case, notwithstanding the order for a speedy trial, was had in its regular order, or if not, that the circumstances warranted a trial when it was had.

Perceiving no error in this record, the judgment of the court below is affirmed.

*Judgment affirmed.*