Blair v. Ray.

---

## NOVEL BLAIR
### v.
## LYMAN B. RAY ET AL.

PRESUMPTION IN FAVOR OF JUDGMENT.—The Circuit Court is a court of general jurisdiction, and its judgments will be presumed to have been regularly had and rendered upon proper proof, unless the contrary affirmatively appears from the record itself.

ERROR to the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed February 3, 1880.

Mr. B. C. COOK and Mr. W. T. HOPKINS, for plaintiff in error.

Messrs. HILL & DIBBELL, for defendants in error; as to what is necessary to be preserved in a record by a bill of exceptions, cited Schlump v. Reidersdorf, 28 Ill. 68; Douglas v. Parker, 43 Ill. 146; Eggleston v. Buck, 24 Ill. 262; Roundy v. Hunt, 24 Ill. 600; Franey v. True, 26 Ill. 184.

The presumption is in favor of the action of the court below, and error must affirmatively appear: Casey v. Harvey, 14 Ill. 45.

PILLSBURY, P. J. Action of replevin brought by the plaintiff in error to recover the possession of certain personal property from defendants in error.

At the March term, 1876, of the Circuit Court, a demurrer was sustained to the pleas of the defendants. This was the only action had in the cause at that term. At the next November term, the following order was entered of record: "It appearing to the court that this cause is enjoined by suit No. 298, Chancery, it is, on motion, ordered by the court that this suit be continued."

The following order was made at the succeeding March term :

"Now, on this 23rd day of March, A. D. 1877, come the said defendants, by Hill & Dibbell, their attorneys, and enter herein a motion to dismiss this suit, and for an order for a return of the property replevied ; and it appearing to the court that the injunction heretofore granted by this court at the suit of Novel Blair against the said defendants on the chancery side of this court, has, on final hearing of said cause, been dissolved; therefore, it is ordered by the court, that this suit be, and the same hereby is, dismissed, and that said defendants do have and recover from the plaintiff the possession of the prop-

Blair v. Ray.

erty replevied herein, and that said plaintiff make return thereof, together with their costs and charges in this behalf expended, and that a writ *retorno habendo*, and *fi. fa.* for such purpose issue out of this court;" to which motion said plaintiff, by his attorney, objected, and then and there excepted to the ruling and judgment of the court.

It is assigned for error upon this record, that the court erred in dismissing the suit and in ordering a return of the property.

The Circuit Court being a court of general jurisdiction, its proceedings and judgments will be presumed to have been regularly had and rendered, unless the contrary affirmatively appears from the record itself.

It devolves upon the party alleging error to make it appear.

There is no bill of exceptions in this record, hence we are not advised, aside from the mere recital in the judgment order, upon what evidence the court acted, in entering the order complained of by plaintiff in error.    So far as appears, it may be that the parties had stipulated for this very order, in case the injunction should be dissolved, and this stipulation was presented to the court, with proof of the dissolution of the injunction, or it may have been shown to the court that the whole controversy had been determined in the chancery suit, and a decree for this very order, made by the chancellor.    The order entered might be proper under many circumstances, and in the absence of a bill of exceptions, preserving the evidence, we must presume such a case was presented as justified the order of the court, unless we can say as a matter of law, that no state of case could exist which would justify such action.    Casey v. Harvey, 14 Ill. 45;  Gardner v. Russell, 78 Ill. 292; Fanning v. Russell, 81 Ill. 398.

The judgment is affirmed.

Judgment affirmed.