CANUTE R. MATSON AND J. M. KELSEY

v.

ROBERT K. DAVIES AND J. M. DAVIES.

*Replevin—Appeal from Justice Court—Dismissal of—Failure to award Return—Bill of Exceptions—Absence of.*

In the absence from the record of evidence to the contrary this court will presume the judgment of the trial court to have been correct.

[Opinion filed December 2, 1889.]

IN ERROR to the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. H. T. & L. HELM, for plaintiffs in error.

Messrs. MOSES, NEWMAN & PAM, for defendants in error.

GARY, P. J.   On motion of the plaintiffs below, defendants here, the County Court, probably without notice to, or appearance by the adverse party, defendant below, plaintiff here, dismissed a replevin suit, pending in that court on appeal from a justice of the peace, without awarding a return of the property. The omission is now assigned as error.

There is no bill of exceptions. Probably the plaintiffs in error had no notice of the action of the court during the term. If this were an original question it would seem that the plaintiffs in error ought to have redress; that, being entitled, *prima facie,* to a return of the property when the plaintiffs below dismissed their suit, it is error in the judgment of the County Court not to award it to them, unless some reason for not doing so, or that they had an opportunity to put upon the record the fact, if fact it be, that there was no such reason, is shown. But the law of this State is settled by numerous decisions that the judgment below will " be presumed to be correct, where it is not shown by the record

to be otherwise." Blair v. Ray, 103 Ill. 615; same case, 5 Ill. App. 453, where this presumption sustained the probably *ex parte*, and if *ex parte*, probably erroneous, disposition of a replevin suit.

In Vinyard v. Barnes, 124 Ill. 346, the same doctrine is reiterated, though there the attack upon the judgment in replevin was collateral. It is therefore to be presumed on this writ of error, though probably it is not true, "that it was made to appear to the court that the plaintiff in the suit had become entitled to the possession of the property." Case last cited.

What remedy may be had on that part of the condition of the bond providing for the payment of all costs and damages occasioned by wrongfully suing out said writ of replevin, or by following the case of Bruner v. Dyball, 42 Ill. 34, is not a subject for present consideration, but the remedy now sought is barred by a principle of decision which only the Supreme Court or the Legislature may change.

*Affirmed.*