## Sanitary District of Chicago v. Cook.

1. EXCEPTIONS—*Recitals of in Judgments—Surplusage.*—The recitals of exceptions in judgments are surplusage; exceptions can only be shown by a bill of exceptions.

2. APPEALS—*Imposing Conditions.*—Allowing an appeal upon con-dition that it shall not stay the execution of the judgment from which the appeal is taken, is indefensible. Appeals are matters of right with-out other than statutory conditions.

**Memorandum.**—Condemnation proceedings. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed January 11, 1894.

The statement of facts is contained in the opinion of the court.

CARTER & BARGE and JOHN P. WILSON, attorneys for ap-pellant.

Arthur B. Wells, attorney for appellee.

Mr. Justice Gary delivered the opinion of the Court.

April 6, 1893, the Sanitary District obtained judgment for condemnation of land taken, but not being satisfied with the price, prayed an appeal to the Supreme Court, which was allowed on bond to be filed within thirty days.

The judgment permitted the district to take the land upon,. *inter alia*, depositing the amount awarded as compensation in a bank. April 14, 1893, the bond upon the appeal to the Supreme Court was filed.

April 27, 1893, a further judgment was entered, the portions of which here complained of being as follows: " It further appearing to the court that the said John A. Cook has filed his bond herein, with surety approved by the court, in the penal sum of thirty thousand ($30,000) dollars, conditioned that in the event the amount finally awarded in the above entitled cause for the taking of said land, shall be less than the sum of forty-three thousand eight hundred and forty-five ($43,845) dollars, then and in that case, said John A. Cook will pay, or cause to be paid, to said The Sanitary District of Chicago, the difference between said sum of forty-three thousand eight hundred and forty-five ($43,845) dollars and the amount so finally awarded in said cause for the taking of said land and buildings.

" Now, therefore, it is ordered that said Globe National Bank of Chicago, Illinois, pay from said money so deposited with it, to said John A. Cook, the sum of forty-three thousand eight hundred and forty-five ($43,845) dollars, and take his receipt therefor.

" To the entry of which order the petitioner does now except, and prays an appeal to the Appellate Court for the First District of the State of Illinois, which appeal is allowed upon the express condition that the allowance of said appeal shall in nowise hinder or delay the payment as aforesaid, by the said Globe National Bank of Chicago, Illinois, to said defendant, John A. Cook, of the said sum of money, but said money shall be paid the same as if no appeal had been allowed."

There is no bill of exceptions which we can regard. The appellee has filed what purport to be copies of fragments of a bill, but it is impossible to guess at the contents of the residue. The recitals of exceptions in the judgments are surplusage; exceptions can only be shown by a bill of exceptions.

It may be, for aught that appears, that the district had in some way abandoned its appeal as well as taken the land. Matson v. Davies, 35 Ill. App. 78, and cases there cited. Imposing as terms of allowing an appeal, that it shall not stay the execution of the judgment from which the appeal is taken, is indefensible, but we can do nothing about it. The condition is in the negative, and however much we may disapprove of it, we can not change it to an affirmative.

Appeals are of right without other than statutory conditions. Emerson v. Clark, 2 Scam. 489; Haynes v. Haynes, 68 Ill. 203.

The judgment is affirmed.