## Patton & Wellborne v. Mrs. S. M. Collier.

### Delivered May 2, 1896.

**1.  Execution Sale—Irregularities—Conversion.**

A sale of personal property under an order issued on a judgment is not void so as to render the constable or the judgment plaintiffs liable as for a conversion, because of the constable's failure to formally levy on the property or to advertise the sale, where the property was in his actual possession at the time of the sale and was delivered to the purchaser.

**2.  Same—Liability of Judgment Plaintiff.**

The plaintiffs in a judgment are not liable for the manner in which the constable executes an order of sale issued on the judgment, unless it is shown that they directed it so to be executed and participated in the wrongful execution thereof, and that loss was thereby occasioned the judgment defendant. Following Morris v. Hastings, 70 Texas, 29.

**3.  Same—Levy not Necessary.**

A levy under an order of sale, describing the goods as set out in the judgment foreclosing the lien thereon, is not necessary to pass the title, where the officer has actual possession of the property at the time of sale. See also, Patton v. Collier, 89 Texas, 115 (upon certified questions in this case).

**4.  Disqualification of Judge—Attorney Fees.**

A judge is not disqualified because of relationship to plaintiff's attorney, to whom plaintiff has agreed to pay the sum provided in the note sued on as attorney's fee, but who is not a formal party to the suit.  Following Winston v. Masterson, 87 Texas, 200; and see also Patton v. Collier, 89 Texas, 115 (upon certified questions in case).

APPEAL from Wichita.   Tried below before Hon. GEO. E. MILLER.

*Carrigan & Montgomery*, for appellants.—1.  If a valid judgment foreclosing a vendor's lien on certain personal property is obtained and a valid order of sale is issued on said foreclosure decree enumerating the articles that are to be sold, and should a constable armed with said order, seize and sell the said property enumerated in said order of sale without giving the notice as provided by law, or any notice, then said sale would not be void, but voidable only, and consequently not subject to collateral attack.   Morris v. Hastings, 70 Texas, 28.

2.   Whenever a valid judgment foreclosing an express vendor's lien on personal property and a valid order of sale of said property issued on said judgment is shown, and the constable, by virtue of said order, sells said property, on collateral attack it is immaterial if there was no valid levy, seizure or advertisement at any time of said property before the sale.   Such sale is valid without an actual levy if the property is present when sold.   Rev. Stats., art. 2319; Hastings v. Morris, 70 Texas, 29; Terry v. Cutter, 23 S. W. Rep., 541; Jolly v. Stallings, 78 Texas, 605; Freeman on Void Judicial Sales, sec. 26; Ballard v. Diffrill, 28 S. W. Rep., 1087; 2 Freeman on Executions, sec. 260.

3.   It has been expressly held that where an officer proceeds under an order of sale, no levy is necessary.   Ewing v. Hatfied, 17 Ind., 513; Smith v. Barnes, 8 Kan., 197; 2 Freeman on Executions, sec. 274.

4.   Whenever a judicial sale of personal property is made by virtue of an order of sale and the officer who makes said sale is guilty of irregularities in making same, on collateral attack, the sale cannot be questioned and the plaintiffs in writ cannot be held liable for the acts of the officer unless he participates in and has knowledge of the irregularity, and that by reason of same the property sells for a grossly inadequate price.

5.   As between the parties to an order of sale, a levy on personal property is complete whenever the officer goes to the building where all of it is contained, and it is not necessary for him to see each article of the property mentioned in the order of sale, but if he has any of it in his view, this is sufficient.   Brown v. Pratt, 65 Am. Dec., 330; Hill v. Harris, 50 Am. Dec., 542; Bank v. Evans, 48 Am. Dec., 734; 2 Freeman on Ex., 824, sec. 260.

*J. H. Cobb*, for appellee.—1.  A sale of personal property made without a levy under an order of sale is void.   Brown v. Lane, 19 Texas, 203; Newman v. Hook, 90 Am. Dec., 378; 1 Freeman on Ex., secs. 274, 339.

2.   Where an order of sale directs the sale of personal property as under

execution, a sale without a levy is void; and the plaintiff in the writ who knew of or ratified the acts of the officer in converting said property is responsible in damages. Brown v. Lane, 19 Texas, 203; Gunter v. Cobb, 82 Texas; 1 Freeman on Ex., sec. 339.

3. A sale of personal property under an order of sale made without a levy is void, and the fact that the sale is made in the presence of the property is immaterial.

HUNTER, ASSOCIATE JUSTICE.—The sale by the constable under the order of sale in his hands was not void. It served to pass the title to the purchasers at that sale, because when he sold he had actual possession of the property and delivered it to the purchasers. If he failed to properly advertise the sale of the property as required by statute, he became liable to a penalty, and he and his sureties on his official bond were also liable for such other damages as the defendant in execution sustained by reason of such failure. Rev. Stats. (1895), art. 2379 [2319]. But his sale was not void, and consequently there was no conversion of the property sold and delivered by the constable under the valid writ or order of sale in his possession.

We are of opinion that the rule would not be the same as to the liability of the plaintiffs in the writ. They would not be liable for the statutory penalty, for that is denounced against the officer as a punishment purely for failure to do his duty. Nor would they be liable for damages occasioned to defendant in execution by reason of a failure to levy or advertise the sale as required by the statute, as their judgment and order of sale were valid and properly issued, and they are not liable for the manner in which the writ was executed, unless it were shown that they directed it so to be executed and participated in the wrongful execution thereof.

But the plaintiff here does not complain of any loss occasioned by failing to levy or failing to advertise the sale as required by law, but only that the sale was void. We think that the failure to levy an order of sale, if required at all, is only an irregularity which does not render the sale void; and as it is not contended that any loss occurred on account of the goods selling for less than their value, by reason of the failure to make a formal levy, we cannot see upon what ground plaintiff is entitled to complain against anybody. Hastings v. Morris, 70 Texas, 29; 2 Freeman on Executions, sec. 274; Freeman on Void Judicial Sales, sec. 26.

The record here shows that the plaintiffs recovered judgment in the County Court for nearly $300, including costs, and that in said judgment a lien was foreclosed on the furniture and goods described in appellee's petition and alleged to have been seized and converted by appellants; that an order of sale describing the goods as set out in the judgment and decree of foreclosure was duly issued and placed in the hands of the constable of the precinct; that he immediately went to appellee and told her that he had an order of sale to sell all her hotel furniture, that it

would be better for her to hold same until the sale, and that he had ad-
vertised it all for sale in ten days, and that he left it in her possession.
On the sale day he went into her hotel and went to each room and sold
the furniture and goods therein contained to the highest bidder. She
did not object to the sale, but unlocked the doors of the rooms for the
officer and bidders, and bid in several sets of furniture and articles of
bedding herself, thus recognizing the sale as being valid; and, after
completing his auction of the furniture and goods described in his order
of sale, the goods were delivered to the purchasers, the appellee, ap-
parently, willingly yielding possession of the property.

We are therefore of opinion that the court erred in its charges to the
jury in defining what was necessary to constitute a valid levy, as, in
this case as plead, a levy was unnecessary, and no case is made against
appellants for the misprisions of the officer in executing the order of
sale.

We cannot agree with appellee in her contention that appellants can-
not avail themselves of this error for the reason that the judgment of
the County Court upon which the order of sale was issued was void.
The county judge who rendered it was a brother-in-law to Mr. Ofiel,
one of the attorneys for plaintiffs in that suit. The plaintiff offered no
evidence to prove that Ofiel was a party in interest in said suit, either
in the subject matter or in the result, but relied on the recitals in the
petition and the judgment to prove the fact of such interest. The pe-
tition contained the following allegation: "That the plaintiffs (Pat-
ton & Wellborne) have been compelled to employ Boyd & Ofiel, attor-
neys-at-law, to bring suit for their collection, and have agreed to pay
them the amount of money mentioned in said notes as attorney's (fees)
for their services."

The judgment as originally entered contained the recital that plain-
tiffs had agreed to pay Boyd & Ofiel, "the said 10 per cent specified in
said notes." This recital was upon motion stricken out of the judg-
ment as being untrue, and having been placed there by mistake.

The question of the disqualification of the judge on account of re-
lationship was considered by our Supreme Court in Winston v. Master-
son, 27 S. W. Rep., 768. It is held, in effect, in that case, that the
attorney whose relationship to the judge would disqualify the latter
must be a party to the suit in the technical sense of the term "party."
The majority of this court, including the writer, are of opinion that this
interpretation is too restrictive (see Howell v. Budd, 27 Pac. Rep.,
747); but constrained by the authority of the decision, they hold, with
the remaining member, that the attorney Ofiel was not a party to the
suit within the meaning of the Constitution (art. 5, sec. 11), or of the
statute (art. 1129, New Revised Statutes), and that the judgment in
question is not void.

These views, we think, render it unnecessary to notice other assign-
ments of error.

We therefore reverse the judgment herein and remand the cause for a new trial.

*Reversed and remanded.*