GRAHAM *v.* WAYNE CIRCUIT JUDGE.

1. MANDAMUS—PROPRIETY—MANDAMUS IN CIRCUIT COURT.
   Certiorari and not mandamus is the remedy to review refusal by the circuit court of a mandamus to require the clerk of the justices' courts of Detroit to receive and file an appeal. Sup. Ct. Rule 12.

2. SAME — DENIAL OF LEAVE TO APPEAL FROM JUSTICE'S COURT.
   Mandamus is a proper writ by which to review an order of the circuit court denying leave to appeal from a judgment of a justice of the peace.

3. JUSTICES OF THE PEACE—APPEALS—CITY OF DETROIT.
   Relator, desiring to appeal from a judgment of a justice of the peace in Detroit, after office hours on the fifth day, tendered an affidavit, bond, and the costs to a deputy clerk who refused to receive them as outside his duty. On the following day the clerk refused them because not tendered in time. A writ of mandamus to compel him to receive and file the appeal having been denied by the circuit court, relator applied to the circuit court for leave to take a special appeal under section 909, 1 Comp. Laws. *Held*, that since he had the balance of the fifth day, after refusal of the appeal by the deputy clerk, to find the clerk and pay him the fees, and find the justice who tried the case and present to him or some member of his family the affidavit and bond, and made no effort to do so, he was not entitled to a special appeal.

Mandamus by James Graham to compel George S. Hosmer, circuit judge of Wayne county, to vacate an order denying a special appeal from a justice's judgment. Submitted February 27, 1906. (Calendar No. 21,557.) Writ denied March 13, 1906.

*Galloway & Graham*, for relator.

*Clark, Jones & Bryant*, for respondent.

HOOKER, J. The relator was sued in justice's court in the city of Detroit. He appeared on the adjourned day,

and stated that he had given a note for $61.50 in settlement of the account sued.   This was denied by the plaintiff's attorney, and the cause was adjourned to December 20th.   Defendant not appearing upon December 20th, the cause was adjourned to December 22d, when defendant not appearing, judgment was rendered against him for $66 damages and $1.75 costs.   The relator's attorney learned of the rendition of the judgment upon the same day.   On December 27th, that being the last of the five days allowed by the statute for an appeal, the relator appeared with his surety before the county clerk, and executed an appeal bond; the surety justifying before said officer.   Relator then tendered the affidavit on appeal, and bond, and the costs and fees provided by law, to the deputy clerk of the justice's court, at the office of said clerk, but he refused to receive the same, saying that it was no part of his business to receive appeal papers.   On the morning of December 28th, at the opening of the justice's court clerk's office, relator made a similar tender to the clerk, who refused to receive the papers, upon the ground that the time for taking an appeal had passed, also claiming that its presentation at the office on the previous day was too late, because not done before 3 :30 o'clock p. m., the closing hour of the office.   Relator thereupon petitioned the circuit court for a mandamus to compel said clerk to receive and file said appeal.   Upon hearing said application, the writ was denied upon the ground that the petitioner had the right to file his affidavit and bond on appeal with the justice who tried the case, or, in his absence, with some member of his family of suitable age at any time up to 12 o'clock at night on said 27th of December, but made no effort to do so, after his application to the deputy clerk.   This denial occurred on January 2, 1906, and thereupon the relator applied to the circuit court for leave to take a special appeal, which was denied.

The present application was made in this court by petition, setting up the foregoing facts, and asking that the circuit judge be required to show cause why a peremptory

mandamus from this court should not issue, requiring him to vacate the said orders, by him entered, affecting the petitioner's rights of appeal from the judgment, and the petition contains a prayer for all other, further, or different orders to which the petitioner may appear entitled in the premises. Counsel have argued both questions in their briefs. Without deciding that litigants may not perfect their appeals from justices' judgments, by filing the affidavits and bonds, and paying costs and fees required by law, in the office of the clerk, the court seems to have been of the opinion that the relator should have sought the justice by whom the judgment was rendered, and that, failing to do so, he was not entitled to any relief. The petitioner's practice is open to criticism.

The mandamus sought in the circuit court was denied upon a hearing, and to review the order of that court, certiorari should have been asked under Sup. Ct. Rule 12. Instead of taking this course, counsel then applied to the circuit court for leave to take a special appeal. Mandamus is a proper writ by which to review the latter order, but we have not encouraged the practice of asking a mandamus to compel a circuit judge to vacate the order made in a mandamus case. Under the general law, the party who would appeal from a justice's judgment must seek the justice, and file the necessary papers, etc., with him, if found, and with some member of the family, if he cannot be found. The statute regulating (to some extent) the practice in Detroit, is Act No. 475 of the Local Acts of 1903. That act provides for four justices and one clerk, who is to act as clerk for all four justices. He is to have one or more deputies, who shall be under the control and direction of said clerk, and shall perform such duties as he shall direct. There is nothing in that act authorizing an appeal by filing appeal papers in any other way than that prescribed by the general act, except in the matter of the payment of costs, fees, etc. Section 23 provides:

"Before any affidavit for appeal * * * shall be served on any one of said justices, in addition to the fees

allowed by law for making returns to an appeal  *  *  * the entry fee  *  *  * shall be paid to the said clerk."

To effect an appeal, it was therefore necessary for relator to make payment to the clerk, and then present the affidavit and bond to the justice who tried the case, or, if he could not be found, leave it at his residence in compliance with the general law. 1 Comp. Laws, §§ 903, 904 et seq.

At the time that relator tendered the papers and the costs, etc., at the office of the clerk, it was past the closing hour, and the only deputy there was one who was not authorized to act. Relator had still several hours within which to find and pay the money to the clerk, and present his affidavit and bond to the justice. Apparently he made no effort to do so, and therefore he was not entitled to leave to take a special appeal under the general law. 1 Comp. Laws, § 909.

The writ is denied, with costs.

CARPENTER, C. J., and MCALVAY, GRANT, and MOORE, JJ., concurred.