(No. 13124.—Reversed and remanded.)

JAMES H. HOOPER, Plaintiff in Error, *vs.* JOHN J. ROONEY, Judge, Defendant in Error.

*Opinion filed June 16, 1920.*

1. JUDICIAL NOTICE—*courts of appeal cannot take judicial notice of rules of trial courts.* Courts of appeal cannot take judicial notice of rules of trial courts but such rules can only be taken cognizance of on appeal when they are included in the bill of exceptions or appended thereto and properly certified.

2. PRACTICE—*how rules of trial court may be brought to attention of court of review.* The rules of a trial court may be brought to the attention of a court of review either by offering them in evidence for the purpose of making them a part of the bill of exceptions or by appending them to the bill of exceptions together with the certificate of the trial judge.

3. MANDAMUS—*when mandamus will lie to compel trial judge to certify rules of trial court.* Mandamus will not lie to compel a trial judge to sign a bill of exceptions which he has refused to sign because in his judgment it is incorrect nor to compel him to review his decision that certain rules of the trial court cannot properly be included in the statement of facts without having been offered in evidence, but the certifying of such rules by the trial judge in order that they may be appended to the statement of facts is a purely ministerial act, which the judge may be compelled to perform.

4. SAME—*when Appellate Court may award writ of mandamus.* While the Appellate Court does not have original jurisdiction in *mandamus* generally, it has power to award the writ in furtherance of its appellate jurisdiction to compel a trial judge to perform the duties resting upon him concerning the review of the cause.

5. SAME—*granting writ of mandamus lies in discretion of court.* *Mandamus* is not a writ of right but the granting of the writ lies in the discretion of the court, and in the exercise of that discretion the court may refuse the writ even though the petitioner has a legal right for which *mandamus* is a proper remedy, if the consequences of the writ create confusion or disorder or will not promote substantial justice.

6. SAME—*denial of leave to file petition for writ is subject to review.* While section 10 of the Mandamus act, which specifically provides for appeals and writs of error in *mandamus* matters, does not refer in terms to a review of the action of the court in denying leave to file a petition, yet where the court, with the petition for the writ before it, denies leave to file, such denial is, in effect, a denial of the writ and is a judgment reviewable on appeal or writ of error.

WRIT OF ERROR to the Appellate Court for the First District to review the judgment of that court on petition for *mandamus.*

JAMES H. HOOPER, *pro se.*

NORTHUP, FAIRBANK & KLEIN, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause comes to this court by *certiorari* to the Appellate Court for the First District to review a judgment of that court denying plaintiff in error's motion for leave to file his original petition in said court for a writ of *mandamus* to compel defendant in error, one of the judges of the municipal court of Chicago, to certify certain rules of that court so they might be made a part of the statement of facts in a certain cause now pending in the Appellate Court on appeal from a judgment of the municipal court.

The petition accompanying the motion avers that on May 1, 1919, said cause came on for trial in the municipal court of Chicago before defendant in error, one of the

judges of that court; that issues were joined and evidence heard without a jury; that there were at the time in full force and effect two certain rules of that court, being rule 15, section "K," and rule 20, as follows:

"Rule 15, sec. K.—Every allegation of fact in any pleading, except allegations of unliquidated damages, if not denied specifically or by necessary implication in the pleading of the opposite party, shall be taken to be admitted, except as provided by rule 20."

"Rule 20.—In all cases except where a party is in default, new matter alleged in the pleading filed last in order in a certain line of pleading, whether the same be a statement of claim, answer or reply or a set-off or counter-claim, answer thereto, reply to such answer, or such subsequent pleading as may be ordered filed, shall be deemed denied by the opposite party and shall form an issue for trial unless otherwise ordered by the court."

The petition further avers that the evidence, together with the allegations of fact admitted, by force of said rules was sufficient to establish the right of the plaintiff to recover from the defendants in the cause the amount set forth in the statement of claim if the rules aforesaid were considered but that without said rules the evidence was insufficient; that the trial court found for the defendants and entered judgment on that finding; that on May 8, 1919, plaintiff presented to the court a correct statement of the facts appearing on the trial, containing said rules of the court therein, but that the trial court refused to sign the same as tendered but struck the rules therefrom, whereupon the statement was filed in said court; that afterwards, on May 19, 1919, plaintiff presented an amendment to the correct statement of facts as previously filed in said cause, which consisted of a copy of the rules in question and a form of certificate to be signed by the judge to the effect that said rules were rules of the municipal court; that defendant in error, as trial judge, refused to certify the same.

It is contended by the plaintiff in error that it is necessary for the Appellate Court to consider said rules, in connection with the evidence introduced at the trial, in order to review the case presented, for the reason that by said rules the facts set forth in the statement of claim and not denied by the affidavit of merits are taken as true, and that the plaintiff in error relies upon said rules in connection with the record presented. It is contended by the defendant in error that the petition of plaintiff in error to the Appellate Court for a writ of *mandamus* is insufficient; that it is an attempt to compel the defendant in error, as trial judge, to sign a statement of facts theretofore presented to him containing matters which the defendant in error, as such trial judge, has held not proper in such statement of facts, and that such statement of facts is not a correct one.

The question in this case is whether or not the petition of plaintiff in error filed in the Appellate Court was sufficient to require defendant in error to answer, and if so, whether or not the Appellate Court erred in denying leave to file the same. The petition, as we have seen, recites the fact that after the rules in question were struck from the statement of facts tendered, plaintiff in error prepared what he characterizes as an amendment to the correct statement of facts in the cause, as follows: "The court certifies that on May 1, 1919, there was in full force and effect as rules of this court the following rules, [setting out rule 15, section 'K,' and rule 20.] Certified this 19th day of May, 1919," with a lined space for the signature of the judge. While this is called an amendment to the correct statement of facts, it is nothing more or less than a certificate of the trial judge that said rules were in force as rules of the municipal court at that time.

It has been repeatedly held in this State that courts of appeal cannot take judicial notice of rules of trial courts. Under the decisions of this court the rules of such courts

can only be taken cognizance of on appeal when they are included in the bill of exceptions or appended thereto and properly certified. (*Sixby* v. *Chicago City Railway Co.* 260 Ill. 478; *Mann* v. *Brown,* 263 id. 394; *Weil* v. *Federal Life Ins. Co.* 264 id. 425; 18 Ency. of Pl. & Pr. 1260, and cases cited.) In *Weil* v. *Federal Life Ins. Co. supra,* it was held that a proper method of bringing the rules of the trial court to the attention of a court of appeals and making them a part of the record is to append to the bill of exceptions such rules certified by the trial judge. Under the decision of this court in *Davis* v. *Northwestern Elevated Railroad Co.* 170 Ill. 595, neither the existence of a rule of court nor the provisions thereof can be shown by affidavit or certificate of the clerk of the trial court but must be shown by the record. Thus it will be seen that there are two methods by which rules of court may be brought to the attention of a court of review. One is by offering them in evidence for the purpose of making them a part of the bill of exceptions, and the other is by appending them to the bill of exceptions together with the certificate of the trial judge.

It is the rule as laid down in *People* v. *Chytraus,* 183 Ill. 190, that while *mandamus* will lie to compel a judge to sign and seal a bill of exceptions in a cause tried before him, he must determine the accuracy of the bill which he verifies, and a refusal on his part to sign a certain bill of exceptions prepared in a certain way because in his judgment such bill of exceptions is not correct or contains matters not properly included in a bill of exceptions is a determination by such judge of a judicial nature, and *mandamus* will not lie to compel him to decide a judicial question in a particular way or to review his decision on the matter decided.

The petition of plaintiff in error filed in the Appellate Court avers that the defendant in error signed the statement of facts after striking therefrom the rules in ques-

tion.   Whether or not such rules were properly included in
the statement of facts without having been offered in evi-
dence was a question of law, and *mandamus* will not lie to
compel a trial judge to review his decision on that point
It appears also from the petition, however, that the plaintiff
in error later prepared the certificate herein set forth and
presented the same to the trial judge, who refused to cer-
tify to it for the same reason assigned for striking out the
rules from the statement of facts,—that is, that the rules
were not offered in evidence.   Whether the paper presented
to defendant in error be called an amendment to the cor-
rect statement of facts or a certificate, it was, in fact, but
a certificate that the rules in question were rules of the
municipal court.   Under the decisions referred to, plaintiff
in error could not have such rules considered by the Ap-
pellate Court without a certificate of the trial judge that
they were rules of that court.   To deny plaintiff in error
the right to have these rules considered by a court of ap-
peals would, if the petition of plaintiff in error is true,—
and it must be taken to be true for the purposes of this
case,—amount to a denial of justice.   The certifying of
these rules by the trial judge in order that they might be
appended or attached to the statement of facts was a purely
ministerial act, which it was the duty of the trial judge
to perform.

   While it is the rule in this State that the Appellate Court
does not have original jurisdiction in *mandamus*, generally,
yet it has been held by this court that the Appellate Court
has power to award a writ of *mandamus*, in furtherance of
its appellate jurisdiction, to compel a trial judge to perform
the duties resting upon him concerning the review of the
cause.   (*Hawes* v. *People*, 129 Ill. 123; *People* v. *Anthony*,
129 id. 218.)   *Mandamus* is not a writ of right.   The grant-
ing of the writ lies in the sound judicial discretion of the
court.   In the exercise of this discretion the court may re-
fuse the writ even though the petitioner has a legal right

for which *mandamus* is a proper remedy, if the consequences of the writ create confusion or disorder or will not promote substantial justice. *People* v. *Olsen,* 215 Ill. 620; *People* v. *City of Rock Island,* 215 id. 488; *People* v. *Board of Supervisors,* 185 id. 288.

Under the early common law, proceedings in *mandamus* were not reviewable by a higher court, but by the modern practice and statutes generally in existence the granting or refusal of a writ of *mandamus* is subject to review. (*People* v. *Hoyne,* 262 Ill. 82; *Highway Comrs.* v. *Drainage Comrs.* 257 id. 25; *People* v. *Deneen,* 201 id. 452; *New Haven Co.* v. *State,* 44 Conn. 376; *Union Church* v. *Sanders,* 63 Am. Dec. 187; *Graham* v. *Wayne,* 143 Mich. 360; *State* v. *Fillbrick,* 69 Ohio St. 283; *State* v. *Churchill,* 15 Minn. 455; *People* v. *Richmond County,* 156 N. Y. 36; *Hartman* v. *Greenhow,* 102 U. S. 672.) While section 10 of the Mandamus act specifically provides for appeals and writs of error from the judgment of a court in *mandamus* matters but does not refer in terms to a review of the action of the court in denying leave to file a petition, yet where, as here, the court, with the petition for the writ before it, denies leave to file the petition, such denial is, in effect, a denial of the writ and is a judgment reviewable on appeal or error.

We are of the opinion that plaintiff in error's petition should be filed and that defendant in error should be required to answer the same. Under the circumstances here it was error on the part of the Appellate Court to deny leave to file the petition. For this error the judgment of that court is reversed and the cause remanded, with directions to permit the filing of the petition therein and to proceed as in other cases of *mandamus.*

*Reversed and remanded, with directions.*