THE PEOPLE *ex rel.* Nicholas R. Finn *et al.* Defendants in Error, *vs.* JOSEPH B. DAVID, Judge of the Superior Court, Plaintiff in Error.

*Opinion filed December 21, 1927.*

1. APPEALS AND ERRORS—*court can impose no limitations on appeal except those provided by statute.* As an appeal is statutory and can be taken only where the statute confers the right and must be prosecuted in the manner and at the time provided by statute, a trial court is without authority to impose any conditions or limitations on an appeal except those provided by statute.

2. SAME—*when an appeal is pending.* An appeal is not pending until the court of review has acquired jurisdiction of the case for some purpose, either by the filing of an appeal bond in the trial court, or by the filing of the record, or some part thereof, in the court of review.

3. SAME—*appeal operates as a supersedeas.* Where the court of review acquires jurisdiction of an appeal, the appeal operates as a *supersedeas* and becomes a stay to all proceedings to enforce the execution of the judgment or decree pending the appeal.

4. SAME—*supersedeas suspends efficacy of judgment.* A *supersedeas* suspends the efficacy of a judgment but does not, like a reversal, annul the judgment itself, and its object and effect are to stay future proceedings and not undo what is already done.

5. MANDAMUS—*when demurrer to petition to compel court to expunge condition from appeal order should be sustained.* Where the trial court, in allowing an appeal from an order granting a writ of *mandamus* to compel city officials to retain the petitioner in office, imposes the condition that the petitioner be allowed to

retain his office pending the appeal, a petition in the Appellate Court to compel the trial judge to expunge the condition or proviso from the order allowing the appeal should be dismissed on demurrer, as the condition, although imposed without authority of law, does not interfere with the Appellate Court's jurisdiction of the appeal where the petitioner in the original *mandamus* case is already in office, as the appeal itself operates as a *supersedeas* to retain the status of the officer pending the appeal.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on original petition for *mandamus.*

SCHUYLER, ETTELSON & WEINFELD, for plaintiff in error.

FRANCIS X. BUSCH, Corporation Counsel, and FRANCIS J. VURPILLAT, for defendants in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Defendants in error, the city of Chicago, its three civil service commissioners, city treasurer, city comptroller, commissioner of public works and superintendent of streets, filed their petition in the Appellate Court for the First District against plaintiff in error, Joseph B. David, as judge of the superior court of Cook county, for a writ of *mandamus,* praying that he be commanded to expunge from the record of the superior court of Cook county a portion of an order entered by him for an appeal in the case of People *ex rel.* Philip Q. Rohm *vs.* Nicholas R. Finn *et al.,* being the same parties defendant in that case who are defendants in error in this case. A demurrer to the petition was overruled and the writ was awarded.

On January 7, 1925, Philip Q. Rohm filed a petition in the superior court of Cook county for a writ of *mandamus* against the city of Chicago and its officials to compel them to recognize him as the lawful incumbent of the office of

first assistant superintendent of streets of the city. The petition alleged that Rohm, after proper civil service examination, had been appointed to the office and had performed the duties thereof for more than seven years; that the city council had passed an ordinance purporting to abolish the office and creating in lieu thereof the office of deputy superintendent of streets with essentially the same duties, which office of deputy superintendent of streets was in fact and in law the same office as that of first assistant superintendent of streets; that the effect of the new ordinance was merely to change the name of the office; that the civil service commissioners, purporting to regard said position as a new office, had taken steps to appoint some other person than Rohm thereto and thereby discharge Rohm, in contravention of the letter and spirit of the Civil Service law and in violation of his rights as a civil service employee. A demurrer to the petition was overruled and the city and its officials filed an answer, in which they admitted many of the essential facts stated in the petition but denied that the two offices were one and the same in law and denied that they had been actuated by politics or other improper motives. The case was heard by Judge David on the petition and answer, and an order was entered which found that all of the material allegations of the petition were admitted by the answer; that the two offices were in fact and in law the same office; that Rohm was the lawful incumbent thereof and was entitled to a writ of *mandamus* against the city and its officials to compel them to recognize him as such, and a writ of *mandamus* was ordered to issue accordingly. The city and its officials prayed an appeal to the Appellate Court for the First District, which appeal was allowed. The order for the appeal contained the following: "Provided, however, the petitioner, pending the determination of such appeal, is to hold the position of first assistant superintendent of streets of the city of Chicago until the further order of the said Appellate Court." The

appeal was perfected, whereupon the city and its officials filed the petition in this case in the Appellate Court against plaintiff in error, as judge of the superior court of Cook county, for a writ of *mandamus* to compel him to expunge from the record the proviso last above quoted with reference to the appeal. Plaintiff in error demurred to the petition. Defendants in error then made a motion that the demurrer be overruled and that a rule of *respondeat ouster* be entered. As before stated, the Appellate Court overruled the demurrer, denied the motion for a rule of *respondeat ouster,* and ordered a writ of *mandamus* to issue commanding plaintiff in error to expunge the provision from the record with reference to the appeal. The judgment assessed the costs against plaintiff in error, and a writ of error has been prosecuted from this court to review the judgment.

The question for determination is whether the Appellate Court properly overruled the demurrer and properly ordered the writ to issue. The right of appeal did not exist at common law but is of statutory creation. An appeal can be taken only where the statute confers the right, and it must be prosecuted in the manner and at the time provided by the statute. (*Drainage Comrs.* v. *Harms,* 238 Ill. 414; *Lower Salt Fork Drainage District* v. *Smith,* 257 id. 52; *People* v. *Andrus,* 299 id. 50.) Section 91 of the Practice act specifies the manner in which appeals shall be prosecuted, and provides that "appeals or writs of error in this section allowed shall be subject to the limitations by this act provided and to the conditions imposed by law." A trial court is without authority to impose any conditions or limitations on an appeal except those by statute provided and the conditions provided by law. *Emerson* v. *Clark,* 2 Scam. 489; *Haynes* v. *Hayes,* 68 Ill. 203; 2 Cyc. 814; 3 Corpus Juris, 1095.

An appeal is not pending until the court of review has acquired jurisdiction of the case for some purpose, either by the filing of an appeal bond in the trial court or by the

filing of the record, or some part thereof, in the court of review. (*Holmes* v. *City of Chicago,* 205 Ill. 536; *People* v. *Wiley,* 284 id. 186; *Merrifield* v. *Cottage Piano Co.* 238 id. 526.) When the court of review acquires jurisdiction of the appeal, the appeal operates as a *supersedeas* and becomes a stay to all proceedings to enforce the execution of the judgment or decree pending the appeal. (*Thoeming* v. *Hawkins,* 294 Ill. 30; *City of Chicago* v. *Lord,* 281 id. 414; *Cowan* v. *Curran,* 216 id. 598.) A *supersedeas* suspends the efficacy of a judgment, but does not, like a reversal, annul the judgment itself. Its object and effect are to stay future proceedings and not undo what is already done. (37 Cyc. 602; *Central Union Telephone Co.* v. *County Comrs.* 10 N. E. (Ind.) 922; *Lindsay* v. *District Court,* 75 Iowa, 509.) It restrains the appellee from taking affirmative action to enforce his judgment or decree but does not authorize the appellant to do what the judgment or decree prohibits him from doing. The trial court retains jurisdiction to preserve the existing status. (*Hohenadel* v. *Steele,* 237 Ill. 229.) If an injunction has been granted and the parties enjoined violate it pending the appeal the trial court has jurisdiction to attach the violators and punish them for contempt of court. (*Barnes & Co.* v. *Typographical Union,* 232 Ill. 402.) Section 10 of chapter 87 provides that appeals and writs of error in *mandamus* proceedings may be taken and prosecuted in the same manner, upon the same terms and with like effect as in other civil cases. High, in his work on Extraordinary Legal Remedies, after defining *mandamus,* says (sec. 547) : "It is the final judgment in the proceeding and sustains the same relation to the alternative writ that a perpetual injunction bears to a preliminary or interlocutory injunction, being the final assertion of the relator's right and the respondent's duty." In a note in 7 Am. & Eng. Ency. of Law, 55, it is said: "Whether the order appealed from be one granting an injunction or awarding a writ of *mandamus,*

the rule is necessarily the same. Thus, where the officers of a railroad company cause a portion of the tracks to be torn up pending an appeal from an order awarding a *mandamus* to compel them to continue operating that portion of their line, they were guilty of a contempt of court.— *San Antonio Street Railway* v. *State of Texas*, 38 S. W. 54."

At the time the original *mandamus* proceedings were instituted, and at the time the judgment was entered therein by the trial court, Rohm was in possession of the office, which he sought to retain. The judgment in the original *mandamus* proceeding was that Rohm was the lawful incumbent of the position, and a writ of *mandamus* was ordered to issue to compel the city and its officials to recognize him as such. When defendants in error perfected an appeal from that judgment the effect of the appeal was to maintain the *status quo* pending the appeal. To maintain the *status quo* required that Rohm continue in office pending the appeal. It was unnecessary for the order of appeal to provide, as a condition precedent thereto, that Rohm should continue to hold the position until the further order of the Appellate Court. The law fixed his status regardless of the condition imposed on the appeal, and the condition imposed did not change the rule of law, therefore defendants in error were not injured by the condition imposed on the appeal.

Section 11 of the Appellate Court act provides that Appellate Courts may issue writs of *mandamus* to cause any act to be done which may be necessary to enforce the due administration of justice in all matters which could or might by appeal or writ of error, or in any other lawful manner, be brought within their respective jurisdictions. In *Hooper* v. *Rooney*, 293 Ill. 370, it was held that the Appellate Court did not have, under this section of the statute, original jurisdiction in *mandamus* proceedings, but it had power to award a writ of *mandamus* in furtherance of its appellate jurisdiction. The condition imposed in the origi-

nal *mandamus* case in the order for an appeal did not interfere with the appellate jurisdiction of the Appellate Court and it was not necessary to expunge it from the record in furtherance of its appellate jurisdiction and to assess costs against plaintiff in error. The petition did not state a cause of action, the demurrer should have been sustained, and the petition should have been dismissed.

The judgment will be reversed and the cause remanded, with directions to sustain the demurrer and dismiss the petition.

Per Curiam: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*