(No. 21551.—

The People *ex·rel.* The Ratsky Service Station, Inc., Petitioner, *vs.* John F. Haas, Judge, Respondent.

*Opinion filed December 23, 1932.*

HAROLD O. MULKS, for petitioner.

ALBERT N. CHARLES, and MERGENTHEIM & LEE, (EDGAR BERNHARD, of counsel,) for respondent.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an original proceeding in this court for *mandamus* to compel respondent to sign a bill of exceptions. On August 12, 1931, Adolph Goldschmidt and others filed in the municipal court of Chicago an action in forcible entry and detainer against D. E. Waggoner, Ben Meyer and Morris Ratsky. Between that date and October 2 of the same year various proceedings were had and testimony heard. On October 2, 1931, an order was entered making the Ratsky Service Station, Inc., an additional party defendant. A summons was served on it and a motion to quash the return was denied. The trial of the cause proceeded, and on November 4, 1931, judgment was rendered against all of the defendants. The Ratsky Service Station, Inc., prayed and perfected an appeal to the Appellate Court for the First District. In the order allowing the appeal sixty days were granted in which to present a bill of exceptions. Within that time a bill of exceptions containing all of the proceedings after the time the Ratsky Service Station, Inc., became a party to the cause was presented to respondent, John F. Haas, presiding judge of the municipal court. He refused to sign it upon the ground

that it did not contain the evidence heard prior to the time the Ratsky Service Station, Inc., became a party to the suit. A short transcript of the record was filed in the Appellate Court, and thereafter, pursuant to leave, the Ratsky Service Station, Inc., filed a petition for a peremptory writ of *mandamus* against the respondent requiring him to sign the bill of exceptions which had been presented to him. The petition was filed, under a rule of court, in the cause pending on appeal. A demurrer to the petition was sustained and an order dismissing the petition was entered. No proceeding to review that order has been prosecuted. The original cause in the forcible entry and detainer suit is still pending on appeal in the Appellate Court.

The petition in this court for a peremptory writ of *mandamus* against respondent is based on the same grounds and seeks the same relief as the above mentioned petition in the Appellate Court. A demurrer was filed to the petition in this court and taken with the cause. In support of the demurrer it is urged that the right to the issuance of a writ of *mandamus* against the respondent has been finally adjudicated against the relator by a court of competent jurisdiction and is therefore *res adjudicata*. Relator seeks to meet this contention by saying that the order of the Appellate Court was interlocutory and not appealable. This court has decided otherwise. In *Hooper* v. *Rooney,* 293 Ill. 370, we said: "While section 10 of the Mandamus act specifically provides for appeals and writs of error from the judgment of the court in *mandamus* matters but does not refer in terms to a review of the action of the court in denying leave to file a petition, yet where, as here, the court, with the petition for the writ before it, denies leave to file the petition, such denial is, in effect, a denial of the writ and is a judgment reviewable on appeal or error." In *People* v. *David,* 328 Ill. 230, a demurrer to a petition for *mandamus* in a case pending in the Appellate Court on appeal was overruled and the action of that court was

reviewed by this court upon a writ of error. In the case at bar the order of the Appellate Court sustaining the demurrer and dismissing the petition was a final and an appealable order, regardless of whether the petition had been docketed as an original proceeding or as an ancillary matter in the principal cause.

There is another reason why this court cannot award a writ in this case. By the provisions of the constitution and the statutes this court has jurisdiction to issue writs of *mandamus*. By section 11 of the Courts act (Smith's Stat. 1931, par. 35, p. 910,) an Appellate Court may issue the writ of *mandamus* to cause a proper record to be duly certified, or made and certified, in all matters, suits or proceedings which may be brought within its jurisdiction. By section 10 of the Mandamus act (Smith's Stat. 1931, par. 10, p. 1867,) appeals and writs of error may be taken and prosecuted in *mandamus* cases in the same manner and upon the same terms and with like effect as in other civil cases. The Appellate Court does not have original jurisdiction in *mandamus* generally, but it has power to award a writ of *mandamus* in furtherance of its appellate jurisdiction. (*Hooper* v. *Rooney, supra; People* v. *David, supra.*) Where two courts have concurrent jurisdiction, a party has the right to select either court for the prosecution of his rights, and when his selection is made it is binding upon him. The court in which he brings his action has exclusive jurisdiction of the particular case. (*Royal League* v. *Kavanagh,* 233 Ill. 175; *Plume & Atwood Manf. Co.* v. *Caldwell,* 136 id. 163.) Relator having selected the Appellate Court as the forum in which it sought its remedy by *mandamus* that choice is binding upon it, and this court can entertain the matter only in a proper proceeding for review.

The demurrer to the petition is sustained and the petition is dismissed.

*Petition dismissed.*