**DIBERT, Plaintiff-Appellee, v. ROSS PATTERN FOUNDRY AND DEVELOPMENT CO., INC., Defendant-Appellant.**

Ohio Appeals, Second District, Champaign County.

No. 147. Decided October 2, 1957.

Grace Fern Heck, William E. Bailey, Springfield, for plaintiff-appellee, Contra the Motion.

Karl E. Paulig, Urbana, Durfey, Martin, Brown & Hull, Springfield, Anson E. Hull, of Counsel, for defendant-appellant, For the Motion.

## OPINION

By THE COURT:

Defendant-appellant moves for a writ of supersedeas staying execution on a judgment against it in favor of plaintiff in the sum of $37,500.00, entered in the Common Pleas Court, Champaign County, Ohio.

Facts upon which the motion is predicated are set out therein and in so far as conformable to the proof and concessions on the hearing on the motion, we hereinafter set forth.

March 4, 1957, notice of appeal on questions of law was filed in the trial court.

June 26, 1957, a certificate of judgment was issued by the Clerk of Courts, Champaign County. June 27, 1957, the certificate of judgment was filed with the Clerk of Courts of Shelby County, Ohio.

July 1, 1957, defendant executed a supersedeas bond in the sum of $40,000.00 which was approved by the Clerk and by the Common Pleas Court and filed with the Clerk of Courts of Champaign County.

Prior to the execution, approval and filing of the supersedeas bond with the Clerk of Courts of Champaign County, execution on the certificate of judgment was issued to the Sheriff of Shelby County, Ohio. The execution was returned by the Sheriff of Shelby County reciting, among other things, that a levy had been made upon the property of the judgment debtor.

On the date of the giving of the supersedeas bond an alias execu-

tion was issued to the Sheriff of Shelby County. Plaintiff insists that he has the right to proceed to the satisfaction of his judgment under the executions and levy.

For the purpose of the motion, we assume that a levy was made under the first execution and possibly under the alias execution. The fact of physical levy upon the property of defendant is in controversy between the parties, but we assume that it was made because of the return of the Sheriff, it is not denied by proof and because the defendant gave a redelivery bond. Giving of the redelivery bond, under §2329.12 R. C., presupposes a levy.

At the outset, we are met with the claim of appellee that we are without authority to grant any relief on the motion because it is contrary to proper procedure and, if any relief is required it should be sought in another forum. Appellee also insists that the supersedeas bond was not effective for any purpose because not filed within the time within which the notice of appeal was required to be filed under the statute.

The applicable section under which the supersedeas bond was given is §2505.09 R. C. No time is fixed in this statute within which the bond is required to be executed. In the absence of such limitation, we could not read into the statute such a provision.

Sec. 2501.02 R. C., provides, in part, that the Court of Appeals, on good cause shown, may issue writs of supersedeas in any case, and all other writs, not specially provided for or prohibited by statute, necessary to enforce the administration of justice. If the supersedeas bond has the effect on the executions and levies for which movant contends, the statute may be given application.

It has been held frequently that Courts have inherent power to stay an execution temporarily, and the power is exercised in an almost infinite variety of circumstances to the end that justice may be administered. 17 O. Jur. 1070.

We come, then, to the decisive question presented by the motion and the facts appearing.

It is the contention of appellee, if it be conceded that the supersedeas bond was executed and filed within time, it is ineffective to bar any further step by the Sheriff incident to the execution and succeeding the levy. This claim is predicated upon the conceded common law rule that execution of a judgment is one entire thing and may not be divided after it is begun. Appellant insists that the common law rule is not controlling in Ohio; that the steps incident to the execution are severable and that the supersedeas bond operates to stop any further action by the Sheriff of Shelby County subsequent to the levy as shown upon his return on the first execution.

If the claim of appellant is sound, then it would be in the interest of justice for this Court to act under its authority to stay further proceedings. Supersedeas has been construed as synonymous with a stay of proceedings.

We are impressed with the thorough research made by Judge Owen in his declaratory opinion respecting the rights of the parties by reason

of the giving of the supersedeas bond. We have not had the time nor the opportunity to digest the many opinions which Judge Owen cites from the courts of various states. There is very little authority in Ohio. The early case of **Arnold v. Fuller's Heirs, 1 Ohio 458** and 461, in the first paragraph of the opinion of Judge Burnet, considers, indirectly, our question:

"Several questions are presented in this case: 1. Did the writ of error and supersedeas avoid and vacate the execution and levy, so as to render it a nullity, or did it merely stay the proceedings of the sheriff. * * *

"As to the first point, no authority has been cited to show the effect of a supersedeas on an execution levied on real estate. It is said in the books, that the object of a supersedeas is to stay proceedings **till the errors are disposed of.** In the Bishop of Ossory's case, Cro. Jas. 534, it was resolved by all the court, that the writ of error was a supersedeas till the error was examined, affirmed or reversed. In Badger v. Lloyd, 3 Salk. 145, it was said by Holt, Chief Justice, that, although a writ of error forecloses the court, and ties up their hands, yet it doth not alter the right of the parties." (Emphasis ours.)

It is our judgment that, although the steps incident to effectuating an execution, viz., to enforce satisfaction of the judgment, are a part of, and indeed may be designated as the execution, they are severable within the concept of the statute authorizing the giving of the supersedeas bond. Following the issuance of the execution and as a part thereof, the Sheriff makes a levy, inventories the property levied upon, gives notice of the sale by advertisement, makes the sale and returns the result of the sale to the Court. No step has been taken by the Sheriff incident to the executions and subsequent to either levy on the property since the giving of the supersedeas bond.

Our concept of the meaning and effect of the supersedeas bond in this case is well stated in a Kentucky case, Runyon v. Bennett, 34 Ky. (4 Dana) 599, 29 Am. Dec. 431, cited, approved and followed in Weber v. Tanner (Ky.), 64 S. W. 741, 742:

"A supersedeas suspends the efficacy of the judgment, but does not, like a reversal, annul the judgment itself. Its object and effect are to stay future proceedings, and not to undo what is already done. It has no retroactive operation, so as to deprive the judgment of its force and authority from the beginning, but only suspends them after and while it is itself effectual. A consequence of this is that whatever is done under the judgment after and while it is suspended, being done without authority from the judgment, which is then powerless, should be set aside as improperly and irregularly done, but that whatever is done according to the judgment before the supersedeas takes effect is upheld by the authority of the judgment, and not overreached by the supersedeas. To like effect, People v. David (Ill.), 159 N. E., 263, 265; Etna Casualty And Surety Co. etc. v. Board of Supervisors, etc. (Va.) 168 S. E. 617, 628."

83 C. J. S. 896, par. 8.

**Sec. 2505.17 R. C.,** provides that: "**Execution** of a judgment or a final

order," which would include the judgment here, "of any judicial tribunal, * * * may be stayed, on such terms as are prescribed by the Court in which the appeal is filed, or by a judge thereof. (Emphasis ours.) The section under which the bond was given in this case, §2505.09 R. C., provides that:

"No appeal shall operate as a stay of execution, * * *, until a supersedeas bond is executed by the appellant to the adverse party with sufficient surety and in such sum, not less than the amount of judgment and interest, as is directed by the court making the order which is sought to be superseded or by the court to which the appeal is taken."

It is clear that the giving of this bond and its approval operates as a stay of execution which term is, in our judgment, as we have heretofore defined it.

Were we not satisfied that the supersedeas bond assures to plaintiff payment in full of his judgment together with costs and damages suffered, if any, if the judgment in his behalf is not reversed, we would not hesitate to overrule the motion. We are satisfied that plaintiff's rights are, and will be, fully protected by the supersedeas bond which does not affect any action taken on the execution before the bond was given. This is the basis of the relief sought by the appellant.

The motion will be sustained. Exceptions to plaintiff-appellee.

HORNBECK, PJ, WISEMAN and CRAWFORD, JJ, concur.