WILLIAM A. HOLMES *et al.*

*v.*

THE CITY OF CHICAGO *et al.*

*Opinion filed December 16, 1903.*

JUDGMENTS AND DECREES—*filing and approval of appeal bond essential to stay judgment.* The operation of a judgment is not stayed or superseded by the prayer for an appeal and the order granting the prayer and fixing a time for filing an appeal bond, but only by the filing and approval of the bond.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

E. W. ADKINSON, for plaintiffs in error.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR B. TOLMAN, of counsel,) for defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is a writ of error sued out to bring in review the judgment entered in the superior court of Cook county on the 24th day of January, 1903, confirming an assessment to pay awards made in a condemnation proceeding for the opening of Lafayette avenue from West Fifty-fifth street to West Fifty-seventh street, in the city of Chicago.

Plaintiffs in error appeared and filed a number of objections to the petition for confirmation, but such objections were overruled and judgment entered as prayed. An appeal was prayed and allowed on condition the plaintiffs in error should in thirty days file an appeal bond to be approved by the court, and also a bill of exceptions within the same time. Subsequently orders were entered extending the time for filing the bill of exceptions. A bill of exceptions was filed within the time extended but an appeal bond was not filed. On the third day of September, 1903, the plaintiffs in error sued out

this writ of error. The defendants in error entered a motion in this court to dismiss the writ of error, and this motion was reserved to the hearing. The grounds of the motion are, that section 96 of the act of June 14, 1897, entitled "An act concerning local improvements," as amended by the act of May 9, 1901, (4 Starr & Cur. Stat. chap. 24, par. 133,) limited the time in which a writ of error could be sued out to reverse this judgment to the first day of June, 1903, and that no affidavit was filed in pursuance to and as required by the provisions of said section 96. In opposition to the motion, counsel for the plaintiffs in error insists that the proviso to the said section 96 authorizes the suing out of a writ of error in all cases of this character in which the warrant for collection has not been returned delinquent prior to April 1 of any year, at any time before the first day of June of the year in which such warrant shall be issued and returned delinquent, and that it appears from the record in the case relative to the prayer for an appeal and the order granting the same, that the judgment was suspended and that no warrant could have lawfully issued thereon until after the first day of April, 1903, and consequently that there could have been no return of any such warrant as delinquent prior to the suing out of this writ of error.

Without conceding the facts so alleged to appear from the record in the cause can be invoked to excuse the filing of the affidavit mentioned in said section 96, the facts appearing in the record do not show that said judgment was suspended and that a warrant of collection could not have issued thereon prior to the first day of April, 1903. The prayer for an appeal, the granting of the prayer and the fixing of time in which the bill of exceptions and the appeal bond should be filed did not operate to render the judgment inoperative. The allowance of an appeal is made conditional by the statute on the filing of the appeal bond, (Practice act, sec. 67,)

and the execution of a judgment is not arrested or super-
seded by the prayer for an appeal and an order granting
such prayer and fixing a time in which the appeal bond
and the bill of exceptions must be filed, but the filing of
the appeal bond and the approval thereof are essential
to stay or supersede the judgment. (*Branigan* v. *Rose*, 3
Gilm. 123; *Simpson* v. *Alexander,* 5 id. 260; 20 Ency. of Pl. &
Pr. 1218.) The judgment became effective at the close of
the January term, 1903, of the court, and a warrant might
have lawfully issued and been returned by the first day
of April.    The time limited by the statute for the suing
out of a writ of error expired June 1.    The writ was not
applied for or sued out until after that date, hence the
motion to dismiss must prevail.          *Writ dismissed.*