## In the Matter of the Estate of Kossuth H. Bell, Deceased.

## Emma M. Bell, Appellee, v. Emily Browne, Administratrix of the Estate of Kossuth H. Bell, Deceased, Appellant.

## Gen. No. 23,814.

1. EVIDENCE, § 324*—*when testimony of counsel inadmissible to explain order of court.* Testimony of counsel on a former hearing as to what took place orally before the trial judge, offered for the purpose of explaining an order, is properly excluded where there is nothing unintelligible in the order.

2. APPEAL AND ERROR, § 731*—*what not properly part of record.* Evidence of colloquies between the trial judge and counsel have no proper place in the record on appeal and will be disregarded.

3. EXECUTORS AND ADMINISTRATORS, § 288a*—*what constitutes prima facie case in proceeding in Circuit Court on claim for alimony against estate.* One filing a claim in the Circuit Court against an estate for alimony makes a prima facie case by the introduction of copies of the order for alimony, the appeal bond given on the appeal from the order, the opinion and judgment of the Appellate Court affirming the order and the bill of costs of the Appellate Court therein, and is not required to offer in evidence the claim filed in the Probate Court, from the judgment of which the appeal was taken to the Circuit Court.

4. DIVORCE, § 84*—*what is effect of appeal from order for alimony pendente lite on right to change order.* An order for alimony pendente lite which is appealed from cannot, pending the appeal, be interfered with or changed by any other judge of the same court;

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

when the appeal is perfected by the filing of the bond on appeal, the questions arising under that order are beyond the jurisdiction of that court, and until the reviewing court has pronounced its judgment and the matter is through its mandate again before the trial court, the latter court cannot again interfere.

5. APPEAL AND ERROR, § 1815*—*necessity of trial court acting in accordance with mandate of reviewing court.* Where a trial court is reinvested with jurisdiction by the mandate of the reviewing court, it can act only in accordance with that mandate.

6. DIVORCE—*what is immaterial in determination of appeal from order allowing alimony.* An order vacating an order entered allowing alimony pending an appeal from an order allowing alimony *pendente lite* is not material, whether entered with or without jurisdiction, in the determination of the appeal from the order allowing alimony.

7. DIVORCE—*what is effect of giving and approving appeal bond.* An order allowing alimony pending an appeal from an order allowing alimony *pendente lite* is accepted as a condition of the appeal evidenced by the giving and approving of the appeal bond.

8. APPEAL AND ERROR, § 306*—*what is final order.* An order for the payment of alimony which is for a specific amount payable absolutely is final and appealable.

9. ABATEMENT AND REVIVAL, § 65*—*what is effect of abatement of suit in which alimony is granted by death of defendant.* Even though the suit in which alimony is granted is abated by defendant's death, it does not follow that the amount due under the order before his death cannot be recovered in an independent action.

10. ABATEMENT AND REVIVAL, § 65*—*when accrued alimony may be recovered in action on appeal bond of husband after his death.* Where defendant dies pending an appeal by him from an order granting alimony, the alimony which has accrued up to the time of his death may be recovered in an action upon the appeal bond, and the surety on the bond who is held therefor has recourse against the estate.

11. DIVORCE, § 90*—*what is nature of order to pay alimony pendente lite after judgment.* An order to pay alimony *pendente lite* is a judgment of the court, and after judgment it becomes a vested right which cannot be devested by a subsequent order of the court.

12. DIVORCE—*what is effect of affirmance on appeal of order to pay alimony.* The affirmance on appeal of an order to pay alimony *pendente lite* makes the right to alimony final.

13. ABATEMENT AND REVIVAL, § 65*—*what is proper claim against estate of husband in favor of wife.* While the death of the husband abates a suit for separate maintenance, the amount due, at the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

time of his death, under an order for alimony *pendente lite* is recoverable by the widow and is properly a debt provable against his estate.

14. APPEAL AND ERROR, § 1812*—*when judgment nunc pro tunc proper on appeal from order for alimony pendente lite after death of husband pending appeal.* The Appellate Court has authority to enter its judgment *nunc pro tunc*, on an appeal of a husband from an order for alimony *pendente lite*, as of a date prior to the date of the death of the husband who died while the appeal was pending, and the parties and the court will be bound by such judgment in the absence of a further review.

15. EXECUTORS AND ADMINISTRATORS, § 217*—*when claim for alimony legally cognizable in Probate Court.* The claim of a widow against her deceased husband's estate for the amount unpaid under a decree for alimony *pendente lite* is legally cognizable in the Probate Court against the decedent's estate in that court.

16. EXECUTORS AND ADMINISTRATORS, § 204*—*what claims are provable against estate.* All claims of every nature against a decedent are provable against his estate in the due course of its administration.

17. EXECUTORS AND ADMINISTRATORS, § 327*—*what constitutes claim of seventh class.* The claim of a widow against her deceased husband's estate for the amount unpaid under a decree for alimony *pendente lite* is one founded on a money decree which is to be treated as any other obligation of the decedent at the time of his death and is recoverable as a claim of the seventh class against his estate.

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 29, 1918. Rehearing denied May 13, 1918.

WILLIAM A. ROGAN, for appellant.

ARCHIBALD CATTELL, for appellee; CARL A. WALDRON, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Preliminary to our opinion we call attention to the irrelevant matter found in this record, which is filled

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

with the testimony of counsel on a former hearing as to what took place orally before the trial judge in an attempt to explain an order which requires no explanation; there is nothing in it of doubtful meaning needing oral proof to make it intelligible. The learned trial judge ruled against the pertinency of this proof and properly disregarded it in arriving at his conclusion. Then again, much space is taken up in colloquies between the trial judge and counsel, which have no proper place in the record and are disregarded. It is not what the judge said upon the trial that is before us for review, but the judgment and decree which the record shows he entered. The judge's logic may be faulty, but it is not before us for review; it is the soundness or unsoundness of the decree which he entered and from which this appeal is prosecuted which we are to determine. None of the many authorities cited by counsel for appellant has any application to the so-called Burke order on either fact or principle; they are in no way analogous thereto.

Emma M. Bell was the wife of Kossuth H. Bell and is now his widow. She filed a bill in the Superior Court of Cook county against her husband for divorce, which she subsequently amended to make it a bill for separate maintenance. October 31, 1911, an order was entered allowing Mrs. Bell $250 a month as alimony *pendente lite* and until the further order of the court. From this order the husband prayed an appeal to this court, which was allowed and perfected by the giving of an appeal bond and the appeal was duly prosecuted, each of the parties appearing in this court and filing briefs in support of their respective contentions. This court affirmed the order appealed from. See *Bell v. Bell*, 182 Ill. App. 496.

Kossuth H. Bell died July 12, 1913, and the judgment of affirmance was entered *nunc pro tunc* as of the day preceding his death. On the same day the above-mentioned order for alimony was entered, and

as a condition of allowing the appeal there was entered an order allowing Mrs. Bell $250 a month for alimony pending the appeal taken by the husband from the order allowing alimony *pendente lite.* These two orders were entered by Judge Brentano. A change of venue was taken from Judge Brentano and the cause was taken before Judge Burke, who on November 3rd thereafter entered an order on the application of the husband vacating the order for alimony pending the appeal entered before Judge Brentano. Subsequently, on December 3rd, there was entered, at the direction of Judge Burke, an order allowing Mrs. Bell $25 a week for her support and maintenance.

There is no dispute as to the foregoing recorded facts.

After her husband's death Mrs. Bell filed against his estate in the Probate Court her claim for alimony due to the time of his death under the unvacated decree of Judge Brentano. This claim was allowed for the sum due under the decree after giving the estate credit for the sums paid by Bell in his lifetime under the so-called Judge Burke order. From the judgment of the Probate Court an appeal was taken to the Circuit Court and the claim tried *de novo* before the late Judge Honore. He found the gross amount due under the alimony order to be $5,250. He allowed as interest on unpaid instalments $738.74, and gave credit for payments made by Bell in his lifetime of $2,125 and entered judgment for $3,863.74, from which this further appeal is prosecuted.

There is no challenge of the correctness of the computation as made by the court, but appellant insists that the cause of action on the order for alimony abated with the death of the husband; that the subsequent order by Judge Burke allowing $25 a week superseded all other orders made in the case for the payment of alimony, and that the proofs do not sustain the judgment.

The evidence in the record is amply sufficient to support the judgment if, as matter of law under the facts, a recovery can be had. The evidence proffered by the claimant consisted of copies of the order for alimony appealed from, the appeal bond given on that appeal, the opinion and judgment of this court on the appeal, and the bill of costs of this court in the appeal case. This was sufficient to make a prima facie case for claimant. The proceedings before the Probate Court, including claimant's claim, were filed in the Circuit Court when the appeal was perfected in that court. They are found in the record here. Appellant complains that the claim filed in the Probate Court was not introduced in evidence on the trial in the Circuit Court. This was at most but the pleading of claimant and need not be offered in evidence in either court. If it had been offered and received it would have failed to prove anything more than it purported to be, viz., the pleading of claimant.

The order for alimony appealed from could not, pending the appeal, be interfered with or changed by any other judge of the same court. When the appeal was perfected by the filing of the bond on appeal, the questions arising under that order were beyond the jurisdiction of that court; and until the reviewing court had pronounced its judgment and the matter was, through the mandate of that court, again before the trial court, it could not again interfere; and when reinvested with jurisdiction it could act only in accord with the reviewing court's mandate. Moreover, the subsequent order of Judge Burke did not pretend to vacate the order appealed from, but did vacate the order allowing alimony pending the appeal. While this order was, we think, entered without jurisdiction, it is not material to our decision, because it is the order appealed from and affirmed by this court which is here involved. Furthermore, the order attempted to be vacated was accepted as a condition of the appeal

evidenced by the giving and approval of the appeal bond. *Hohenadel v. Steele*, 237 Ill. 229; *Holmes v. City of Chicago*, 205 Ill. 536.

The order for the payment of alimony was for a specific amount payable absolutely, and was therefore appealable, upon which theory the appeal was prayed. Although the suit in which the alimony was granted abated by the death of defendant, it by no means follows that the amount due under that order prior to his death could not be recovered in an independent action. Certainly it could be recovered in an action upon the appeal bond under its covenants and conditions. If judgment were obtained against the surety upon the bond and such surety paid the judgment, he would have recourse against the decedent's estate for the amount he might be compelled to pay as such surety, decedent being the principal in the bond. That the alimony decree was final and appealable is not open to doubt in this jurisdiction. It has been so held in *Blake v. Blake*, 80 Ill. 523; *Harding v. Harding*, 144 Ill. 588.

The order to pay alimony was a judgment of the court. After judgment it became a vested right which could not be devested by a subsequent order of the court. The affirmance of that judgment on appeal made it final. *Gordon v. Baker*, 182 Ill. App. 587; *Cole v. Cole*, 142 Ill. 19; *Craig v. Craig*, 163 Ill. 176.

While the death of the husband abated the suit, nevertheless the amount due to the time of such death is recoverable by the widow and is properly a debt provable against decedent's estate. *Dinet v. Eigenmann*, 80 Ill. 274, is, we think, authority for this holding. In that case, where the wife had died, the alimony decree was enforced against the husband for the amount unpaid under the decree at the time of her death. We think the converse of this proposition, presented in this case, is by parity of reasoning likewise maintainable. As said in *Knapp v. Knapp*, 134 Mass. 353:

"If a writ of scire facias can be brought against the husband to obtain an execution against him for alimony, which, by a decree of the court, he has been ordered to pay, there is no good reason why the same process should not be used to enforce such a decree by obtaining execution against his estate for arrears of alimony due at the time of his death."

In *Paulin v. Paulin*, 195 Ill. App. 350, an action was successfully maintained for the amount unpaid under a decree for alimony rendered in an Ohio court of competent jurisdiction.

We do not think the question of the power of the court to vary an order for alimony, owing to a subsequent changed financial condition of the parties, is presented by this record, which record rests upon the verity of the order of October 31, 1911, affirmed on appeal to this court. *Bell v. Bell, supra.* Nor do we think that the question of the right of this court to enter its judgment *nunc pro tunc* as of a date prior to the death of appellant's testate is open for discussion. This court did so upon authority which it regarded as sufficient. The parties and the court are equally bound by this judgment in the absence of a further review.

The claim of appellee for the amount unpaid under the alimony decree was legally cognizable in the Probate Court against decedent's estate in that court. *Thomson v. Black*, 200 Ill. 465. All claims of every nature against a decedent are provable against his estate in the due course of its administration.

The property rights of appellee as the widow of her husband are controlled by the statutes of this State if she shall renounce her husband's will, or by his will without such renunciation; but the claim in this record is one founded on a money decree and is to be treated the same as any other obligation of decedent at the time of his death. It is recoverable as a claim of the seventh class against his estate. As such it was allowed both by the Probate and Circuit Courts.

The costs of the supplemental abstract will be taxed as costs in the cause.

It follows that the judgment of the Circuit Court must be and it therefore is affirmed.

*Affirmed.*