(No. 14534.—Order reversed.)

WALTER G. MᶜINTOSH, Appellee, vs. JACOB GLOS et al.
Appellants.

*Opinion filed October 21, 1922.*

1. APPEALS AND ERRORS—*decree is not stayed until appeal bond
is filed and approved.* The granting of an appeal and the fixing
of a time for filing the appeal bond does not stay or supersede the
operation of a final decree but the decree remains in full force and
effect until the bond is filed and approved.

2. REGISTRATION OF TITLE—*when the application must be dis-
missed—jurisdiction.* Where the decree in a proceeding to regis-
ter title provides that the applicant shall pay the holder of a tax
deed a certain sum, with interest, within ten days after entry of the
decree, otherwise the application to stand dismissed, and the ap-
plicant pays the principal sum within such time but neglects to in-
clude the interest, there being no appeal bond filed or approved, the
application must stand dismissed at the cost of the applicant, and
the court is without jurisdiction, on petition of the applicant, at a
subsequent term, to enter an order allowing him to pay the interest.

3. PRACTICE—*a decree cannot be amended after term except in
matters of form.* A term of court is regarded as a unit of time,
and any order entered during a term may be changed or amended
at the term but cannot afterward be amended except in matters of
form or for clerical error, and as to all matters of substance the
court loses jurisdiction to alter or amend a final decree at the close
of the term.

4. SAME—*when maxim de minimis non curat lex does not apply.*
A material right which must be determined by litigation cannot be
called trifling, and the mere fact that the damage is not great is not
ground for the application of the maxim *de minimis non curat lex,*
nor can the maxim be invoked to support an order of court entered
without jurisdiction.

APPEAL from the Circuit Court of Cook county; the
Hon. GEORGE FRED RUSH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appel-
lants.

GUY M. BLAKE, and D. S. WEBSTER, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

On November 29, 1918, the appellee, Walter G. McIntosh, filed in the circuit court of Cook county his application to register his title to lots 24 and 25 in block 5 in McIntosh Bros.' Western Avenue Boulevard addition, in the city of Chicago, and the appellants, Jacob Glos and August A. Timke, trustee, were defendants. There was a reference to an examiner of titles, who heard the evidence and reported that McIntosh was the owner in fee simple of the lots; that Glos had obtained two tax deeds therefor and had made nineteen payments specified in the report, with the several dates and amounts, for securing the deeds and subsequent taxes and special assessments; that the total amount of the nineteen payments was $153.79, which was due to Glos, together with interest at five per cent on the several items from the dates of payment, respectively, to the date of entry of the decree, and that the tax deeds were null and void. He recommended that a decree should be entered adjudging the tax deeds null and void upon condition that McIntosh should pay to Glos, or the clerk of the court for his use and benefit, within ten days from the date of the decree, the aggregate principal sum of $153.79 and interest at five per cent on the respective amounts from the dates of payment to the entry of the decree; that such payment should be made at the date of the entry of the decree or within ten days thereafter, and in default thereof the application should stand dismissed at the cost of the applicant and the decree should not become effective unless and until payment should be made as aforesaid. On September 23, 1921, a decree was entered overruling exceptions to the report and specifying in detail the sums of money paid by Glos, with the several dates. The decree provided that the tax deeds should be set aside and held for naught on condition that the applicant should pay to Glos, or the

clerk of the court for his use and benefit, within ten days from the date of the decree, $153.79, with interest at the rate of five per cent on each of the respective amounts making up said principal sum, from the several dates of payment to the date of entry of the decree, together with the costs of Glos and Timke; that in default of payment within ten days after the entry of the decree the application should stand dismissed at the cost of the applicant and the decree should not become effective unless and until such payment should be made. On the day of the decree McIntosh paid to the clerk $153.79 and costs. Three days afterward, on September 26, an order was entered *nunc pro tunc* as of September 23 allowing an appeal to Glos and Timke upon their filing a bond within twenty days. The order was not complied with, but after the time limited had expired an appeal bond was filed on October 15, and on October 21 an order was entered by consent of all parties striking the appeal bond from the files. On November 7, 1921, McIntosh filed his petition, alleging that he failed to comply with the decree by inadvertence and error in failing to pay the interest in accordance with its terms; that such interest amounted to $44.24, and he asked for an order extending the time to pay that amount. On November 30, 1921, the chancellor entered an order that McIntosh should pay $44.24 within three days and that the decree previously entered should stand in full force. From that order Glos and Timke appealed. On December 17, 1921, McIntosh deposited with the clerk the amount specified in the order.

The operation of the final decree of September 23 was not stayed or superseded by the prayer for an appeal or the order granting the prayer and fixing the time for filing an appeal bond. The filing and approval of an appeal bond within the time fixed by the order was essential to stay the decree and transfer the cause, and it would remain in full force and effect until the bond should be filed and approved. (*Branigan* v. *Rose,* 3 Gilm. 123; *Simpson* v. *Alexander,*

5 id. 260; *Holmes* v. *City of Chicago,* 205 Ill. 536.) The appeal was not perfected nor a condition upon which the decree was to become effective complied with, and the application stood dismissed at the cost of the applicant.

A term of court is regarded as a unit of time, and any order entered during a term may be changed or amended at the term, but it cannot afterward be amended except in matters of form or for clerical error. As to all matters of substance the court loses jurisdiction to change, alter or amend a final decree at the close of the term. (*Cook* v. *Wood,* 24 Ill. 295; *Bushnell* v. *Cooper,* 289 id. 260; *Tosetti Brewing Co.* v. *Koehler,* 200 id. 369; *Chapman* v. *North American Life Ins. Co.* 292 id. 179.) The order entered in November was after the term of court at which the decree was entered had been adjourned, and the court had no jurisdiction to change, set aside, modify or annul the decree, which continued in full force and effect notwithstanding the prayer for appeal.

The suggestion that the law does not concern itself about trifles, expressed in the maxim *de minimis non curat lex,* applies because the loss to Glos would be the use of $44.24 from September 23 to December 17, cannot be entertained. It is said that under that maxim a court will not concern itself with a matter where the damages are small and the question involved of no importance, but the maxim does not apply to this case because the court was without jurisdiction to make any order at all. If a material right is involved which is to be determined by litigation, such litigation cannot be called trifling, and the fact that the damage is not great is not ground for the application of the maxim. The question involved was not unimportant if there had been jurisdiction.

The order appealed from is reversed.

*Order reversed.*