SECOND DISTRICT—AUGUST, 1925.     151

Am. Tar Products Co. v. Bradner Smith & Co., 238 Ill. App. 151.

## American Tar Products Company, Appellee, v. Bradner Smith and Company, Appellant.

### Gen. No. 7,441.

1. JUDGMENTS AND DECREES—*consent decree as contract.* A consent decree partakes of the nature of both a contract and a decree.

2. JUDGMENTS AND DECREES—*manner of setting aside consent decree.* A decree by agreement not the result of any judgment of the court cannot be impeached or set aside upon a bill of review for errors of law apparent on its face, or on account of additional evidence, but can only be set aside by an original bill in the nature of a bill of review.

3. JUDGMENTS AND DECREES—*personal liability for repairs to dam under consent decree.* In view of consent decree, held that owners of shares of dam in Rock River were not personally liable for cost of repairs made by one of the shareholders, under Private Laws 1865, vol. 2, p. 686.

Appeal by defendant from the Circuit Court of Winnebago county; the Hon. EARL D. REYNOLDS, Judge, presiding. Heard in this court at the October term, 1924. Reversed and remanded. Opinion filed August 24, 1925.

DAVID D. MADDEN, EDWARD L. ENGLAND and IRA W. HURLEY, for appellant.

FISHER, NORTH, LINSCOTT & GIBBONEY, for appellee.

MR. JUSTICE JETT delivered the opinion of the court. American Tar Products Company, appellee, filed its bill in the circuit court of Winnebago county against Bradner Smith and Company, appellant, and others seeking to charge them with a portion of the expenses and costs for the alleged repairs of a dam in Rock River near the City of Rockford. On a hearing a decree was rendered as prayed for, finding that there was due from Bradner Smith and Company the sum of $46,369.41, for making said repairs and this appeal was prosecuted.

It appears that many years ago a dam was built across Rock River by a number of interested parties with a view of establishing a water power. It also appears that in the year 1865 the General Assembly of Illinois passed a special act, Private Laws 1865, vol. 2, p. 686, in the preamble of which it was recited that the Rockton water power was "owned by divers persons and firms, as tenants in common, * * * and for the maintenance and usefulness of the property, repairs, alterations and improvements are, from time to time, required thereon, the expense of which, in justice, should be borne and paid by the owners, in proportion to their respective interests therein."

Appellee in its bill among other things charges that the ownership of the dam and of the main race and the land upon which the dam and main race were constructed has been assumed to be divided into ninety-six equal parts; that it is an Illinois corporation and is the owner of twenty-eight ninety-sixths parts; that Bradner Smith and Company, a corporation, organized under the laws of the State of Illinois, one of the defendants in the bill and appellant here, is the owner of sixty-four ninety-sixths parts of said dam and raceway; that Charles Gleasman and Edward Gleasman, partners doing business under the firm name and style of Gleasman Brothers, own three and one-eighth ninety-sixths parts of said dam and main-race and that Herman Webber owns seven-eighths of one ninety-sixth parts of said dam and main-race.

It is further charged by appellee in its said bill that all of the said property known as the Rockton Water Power Company, including the dam across the Rock River and the main-race and water power, is held and owned by it and the other persons hereinbefore named including the appellant as tenants in common and is not susceptible of division and that for the maintenance and use of said property repairs, alterations or improvements that are from time to time required thereon, the expense of which in justice should

be borne by the owners in proportion to their respective interests therein; that on or about March 5, 1920, a large part of the said dam and main-race was washed out and destroyed on account of an accumulation of ice in said Rock River and that then and there it became and was necessary for the maintenance and use of the property to make certain repairs and improvements; that subsequent to the 5th day of March, 1920, other breaks occurred in said dam and main-race and other parts of the same were washed out and destroyed and it also became necessary for the maintenance and use of the property to make repairs and improvements; that in the year 1920 it spent large sums of money as a necessary expense in and about the repairing and maintaining the said dam and main-race and charged against the said Bradner Smith and Company the sum of $45,834.30 as and for its reasonable part of said expense; that on August 20, 1920, the said Bradner Smith and Company paid to it the sum of $16,654.59, which said last-mentioned sum has been credited to the account of the said Bradner Smith and Company; that there is now due and unpaid to appellee on account of moneys expended in the making of necessary and reasonable repairs for the maintenance of said dam and raceway for the year 1921 and up to January 12, 1922, from the said Bradner Smith and Company the sum of $46,339.41; that said last-mentioned sum constituted the amount due from the said Bradner Smith and Company after allowing it all just credits for moneys paid to appellee out of matters arising out of the reasonable repair and maintenance of the said dam and raceway.

The bill prays that an account may be taken by and under the direction of the court of all the dealings and transactions relative to the making of the repairs and improvements occasioned by the washout and destruction of the dam and main-race and that Bradner Smith and Company may be decreed to pay

154    APPELLATE COURTS OF ILLINOIS.

Am. Tar Products Co. v. Bradner Smith & Co., 238 Ill. App. 151.

whatever sum should appear to be due occasioned by the repairing of said dam and that upon a failure to pay said sum found due appellee from said Bradner Smith and Company within a reasonable time to be named by the court, that all the right, title and interest in and to the premises, dam and raceway of the said Bradner Smith and Company be sold under the direction of the court and that in the event that the funds arising from such sale should not be sufficient to pay the amount mentioned and decreed against said Bradner Smith and Company the court will enter a money judgment for such deficiency.

Bradner Smith and Company answered the bill and admits that it is a corporation organized under the laws of the State of Illinois and is the owner of sixty-four ninety-sixth parts of the dam; that it was not advised as to the ownership of the remaining interests; that the dam was washed out and injured and certain repairs were made and that on the 19th day of August, 1920, appellee rendered to said appellant bills for repairs on said dam amounting to $16,654.59, which it paid, believing and understanding same was in full of all repairs necessary or advisable in connection with the maintenance of such repair of said dam and that there was no further or other expense connected therewith; that it did not authorize or direct any repairs to be made to said dam as a result of said washout which occurred March 5, 1920, or in any connection with such damages which occurred subsequently thereto and denies it can be held for any money judgment or deficiency and sets up that at the January term, 1898, it filed a certain bill in the circuit court of Winnebago county against W. T. Randall Paper Company, the Second National Bank of Beloit, Wisconsin, James N. Harris, receiver, William Webber and Harry Webber, who constituted all of the parties who were at that time interested in the dam; that as a result of that bill a decree was entered by consent which provided that the ownership of the dam and

the main-race be divided into ninety-six equal parts and that the ownership therein of any individual or corporation be designated by the ninety-sixths parts of what they owned. At the time of the filing of the bill the W. T. Randall Paper Company owned twenty-eight ninety-sixths of the dam subject to a deed of trust to the Second National Bank of Beloit, Wisconsin. The decree further provides that the cost and expense of maintaining the dam be paid by the owners in proportion to the number of ninety-sixths parts thereof owned by each and that such costs should be a first and prior lien against the share of each owner; that no personal charge against any owner of any interest in said dam should be created; that in case of a sale or transfer of any part the part so sold should remain subject to the sale and charge for its proper proportion of the reasonable costs of maintaining the dam.

In the decree entered on the bill of appellee among other things we find the following: "The court further finds from the master's report and the evidence that the complainant is entitled to contributions from the respective owners of interests in said dam property in the following proportions, to wit: from the defendant, Bradner Smith and Company, the sum of $63,024, the same being sixty-four ninety-sixths parts of the amount of said repairs." The court further finds "that said Bradner Smith and Company have paid on account of their share of said expenses the sum of $16,654.59, leaving a balance due of $46,369.41." It is decreed that "Bradner Smith and Company pay the complainant within thirty days from this date (being the date on which the decree is entered) the said sum of $46,369.41, with lawful interest to be computed thereon from the 12th day of January, 1922, until paid." It is further decreed that in default of said payment being made as aforesaid then, in that case, the interest of Bradner Smith and Company in said premises mentioned in the bill

156     APPELLATE COURTS OF ILLINOIS.

Am. Tar Products Co. v. Bradner Smith & Co., 238 Ill. App. 151.

of complaint or so much thereof as may be sufficient to realize the amount so due to the complainant, principal and interest, and all the costs of this suit, including the fees, disbursements and commissions on the sale herein mentioned, be sold at public vendue for cash in hand to the highest and best bidder. It is further decreed that if the money arising from the said sale shall be insufficient to pay the amount so due the complainant with interest and the costs and expenses aforesaid, the said master specify the amount of such deficiency in his report of said sale and that on the coming in and confirmation of said report, Bradner Smith and Company, who are personally and individually liable to pay to the complainant the deficiency, if any, of such last-mentioned report or so much thereof as the court shall find due, if any, and that the complainant have execution therefor.

The decision of this case rests on the effect to be given to the consent decree rendered in 1898. The evidence shows that after the consent decree was entered appellee purchased the interest of the said W. T. Randall Paper Company and that the appellant company continued to own the share represented by it. The evidence discloses that before appellee purchased the share of the paper company it had knowledge of the provisions of this decree and that subsequently in its dealings with the parties in the repair of the dam the terms of the decree were carried out.

It is the contention of appellee that the decree is not binding. Appellant insists it is binding and that by reason of its provisions the only claim appellee can have is a lien upon the part of the dam owned by appellant and that appellee is not entitled to a personal judgment.

It will be remembered that the consent decree was entered by consent of all the parties who were interested in the dam at the time it was rendered with the exception of William Webber who was the owner of a shadow's interest only therein and he is not here

complaining. The parties by this decree in effect entered into a contract fixing their rights and liabilities. In the decree it is provided that from the entry thereof "the reasonable cost and expense of the maintenance and repair of said dam and race in a reasonable and efficient condition to answer the purposes for which said dam and race were constructed shall be paid by the owners thereof in proportion to the amount or number of ninety-six parts thereof owned by each, and that the proportion of such reasonable cost and expense belonging to each owner to pay shall be a first and prior lien upon his, her or its interest in said dam, race and strip of land on which said race is constructed"; and further provided that said *"decree shall create no personal charge against any owner of an interest in said dam, race and strip of land,* but shall and does create and give a first and prior lien upon each owner's share and interest in said dam, race and strip of land for his, her or its proper proportion of such reasonable cost and charge for maintenance and repair of said dam and race; and such lien may be enforced in equity or other proper manner"; also, "in case of sale or transfer of any of said ninety-six parts of said dam, race and strip of land on which said race is constructed, the parts so sold or transferred shall be and remain subject to the aforesaid lien and charge for their proper proportion of the reasonable cost and expense of the maintenance of said dam and race, the same as if such sale or transfer had not been made."

The intention of the parties is clearly discernible from the decree and it fixes their interests and recites, "that from the entry of this decree" showing that the rights, interests and liabilities of the parties were not exact until the consent decree was entered. By the entry of the consent decree the rights and liabilities of the parties in interest became fixed and it was distinctly understood and so expressed

158        APPELLATE COURTS OF ILLINOIS.

Am. Tar Products Co. v. Bradner Smith & Co., 238 Ill. App. 151.

therein that no personal charge should accrue against any owner of an interest in the dam.

A consent decree partakes of the nature of both a contract and a decree. It is not strictly a judicial decree but rather in the nature of a contract entered into by the solemn sanction of the court. *Paine v. Doughty,* 251 Ill. 396; *Hohenadel v. Steele,* 237 Ill. 229; *Krieger v. Krieger,* 221 Ill. 479.

We are of the opinion that the said consent decree is a contract and like any other contract should be enforced as written. The decree binds all of the parties and their privies, and the rule controlling the construction of a contract or a decree applies to a consent decree. A decree by agreement, not the result of any judgment of the court, cannot be impeached or set aside upon a bill of review for errors of law apparent on its face or on account of additional evidence, and can only be set aside by an original bill in the nature of a bill of review. *Hohenadel v. Steele, supra; Krieger v. Krieger, supra; Chicago, etc., Benevolent Society v. Chicago, etc., Aid Society,* 283 Ill. 99-104.

We are, therefore, of the opinion that the decree rendered in favor of appellee in so far as it holds Bradner Smith and Company personally liable for its proportion of repairs is erroneous. The evidence relative to the costs of making the repairs is to our minds indefinite and uncertain. The decree is reversed and the cause remanded.

*Reversed and remanded.*