WILLIAM H. KURTZ et al., Plaintiffs, v. THE CITY OF CHICAGO et al., Defendants—(ARTHUR F. GIULIANI, Counter-Plaintiff-Appellant, v. WILLIAM H. KURTZ, Counter-Defendant-Appellee.)

(No. 53974; ▮▮▮▮▮▮▮▮▮

First District—December 7, 1970.

Irving S. Friedman and Sheldon S. Mells, both of Chicago, for appellant.

Robert B. Austin and Thomas W. Dempsey, both of Chicago, for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This appeal is to review a judgment entered in a counterclaim for personal injuries. The sole issue is whether the trial judge misconceived and misapplied the doctrine of res adjudicata.

William H. Kurtz, Helen Kurtz and Paul H. Schneider sued the City of Chicago and Arthur F. Giuliani to recover for injuries they alleged occurred when a police vehicle driven by Giuliani collided with Kurtz' automobile. The two defendants, represented by the city's Corporation Counsel, appeared and filed an answer. While the complaint was pending, Giuliani, the appellant here, represented by another lawyer, filed a counterclaim against Kurtz, the appellee, to recover for injuries he allegedly received in the same collision. On August 13, 1968, the complaint was called for trial. On motion of the plaintiffs, Giuliani was dismissed as a defendant; "[a]nd the Court after hearing all of the evidence

adduced, and being fully advised in the premises, [found] the issues for the plaintiff and against the defendant, City of Chicago, a Municipal Corporation." Accordingly, a separate judgment against the city was entered in favor of each plaintiff.

A short time later, Kurtz moved to amend his answer to the counterclaim and for judgment on the pleadings. The amendment, as an affirmative defense, alleged that the counterdefendant had obtained a judgment against the City of Chicago; that the judgment arose out of the automobile accident between him and Giuliani, a police officer who was acting within the scope of his employment for the city; that the issues in plaintiff's complaint against the city and those of Giuliani's counterclaim were identical; and that by the judgment, those issues were resolved in Kurtz' favor. Thus, it was alleged, Giuliani as counterplaintiff was estopped and barred from re-litigating the same issues. At a later hearing, Kurtz' motion for judgment on the pleadings was denied. Thereafter, the counterclaim was called for trial. Kurtz again renewed his affirmative defense that the issues in the counterclaim had been adjudicated. The trial judge postponed passing on the question.

After all evidence was heard, Kurtz moved for a direct finding in his favor. This motion was taken under advisement. Thereafter, the trial judge asked Giuliani's attorney about the legal effect of the order by which Giuliani was dismissed as a defendant in the original complaint without reference to the pending counterclaim. During the colloquy, the trial judge questioned the nature of the judgment entered in favor of Kurtz and the other two plaintiffs. Giuliani's attorney contended they were consent judgments, "proveups" which did not adjudicate the issues. After the discussion, and with motions under advisement, the cause was continued.

On the next date, the trial judge reviewed the procedural history of the case and said, "So we had a hearing and the Court heard the evidence, both parties were present, and as a result, the Court now rules that it finds the issues for the defendant. A judgment for the counter-defendant and the judgment is entered on that finding." The court then entered its "judgment in favor of William H. Kurtz and against Arthur F. Giuliani based on said findings."

In seeking reversal, Giuliani contends that the trial judge committed reversible error in prejudging his counterclaim by a misconception concerning the law of *res adjudicata*. Giuliani argues that the trial judge ruled his counterclaim was barred by a prior adjudication. To support this argument, Giuliani points to statements of the trial judge that "The Court * * * should not have heard the case. It should have sustained the counter-defendant's motion * * * since first, I do not feel

that a proveup against the City is a consent judgment. * * * So, I am holding it *res adjudicata* and the prove-up against the City is not a consent judgment."

■■ This contention and the arguments made in support of it overlook the rule that in an appeal the remarks of a trial judge are not conclusive of the issues. It is not what the judge said that is before us for review; it is the judgment that was entered. (*In re Estate of Kossuth H. Bell*, 210 Ill.App. 350, 353.) What we must decide is whether the judgment was correct. *Trembois v. Standard Ry. Equipment Mfg. Co.*, 337 Ill.App. 35, 84 N.E.2d 862.

■■ In this case, judgment was entered after the trial judge heard seven witnesses and admitted in evidence thirteen exhibits. Our review fails to disclose that the trial judge either prejudged the counterclaim or applied the doctrine of *res adjudicata.* On this record the judgment entered was correct. (*Hood v. Brinson*, 30 Ill.App.2d 498, 175 N.E.2d 300; *Bumblauskas v. South Suburban Safeway Lines*, 110 Ill.App. 2d 52, 249 N.E.2d 143.) It is affirmed.

Judgment affirmed.

MURPHY and ADESKO, JJ., concur.