THE BOARD OF EDUCATION OF COMMUNITY HIGH SCHOOL DISTRICT No. 218, COUNTY OF COOK, Plaintiff-Appellant, *v.* BARBARA FALK *et al.,* Defendants-Appellees.

(No. 55620; )

First District—November 9, 1972.

*Rehearing denied December 8, 1972.*

Klein, Thorpe, Kasson & Jenkins, of Chicago, (Newell N. Jenkins and Terrence M. Barnicle, of counsel,) for appellant.

Drach, Terrell and Deffenbaugh, of Springfield, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

On September 2, 1969, plaintiff filed suit to enjoin defendants from conducting a strike and picketing schools in the school district. The parties entered an agreed order on September 4, 1969, and the matter was dismissed by agreement of the parties on November 4, 1969. On July 1, 1970, the defendants filed a complaint in the same case, alleging that plaintiff violated the order of September 4, 1969, by withholding two days' wages from many of its teachers. The court ordered plaintiff to pay the teachers one additional day's pay, and plaintiff appeals from that order.

Plaintiff employs approximately 361 teachers and other certified persons and has an enrollment of about 6,800 students in six separate buildings. Defendant Illinois Education Association is a voluntary association of classroom teachers, counselors and social workers, and acts as the sole negotiating agent for the teachers of the district. Other named defendants are the officers of the Association in the school district and over 200 teachers of the district.

Despite negotiations, plaintiff and the Association had failed to agree on salary and other issues for the 1969-1970 school year. However, all of the teachers had either signed an agreement to teach for that year, or had attained tenure in the district. On August 18, 1969, the plaintiff adopted a calendar for the 1969-1970 school year, which provided in part as follows:

First Semester:
August 29 Workshop for all faculty members
 First day of school year
September 1 Labor Day
September 2 Classes begin

On the morning of August 29, 1969, the School superintendent received a telegram from the President of the defendant Association that the teachers would withhold their services beginning that day. Many of the teachers did not attend the workshop and were not in their classrooms on September 2. Commencing August 29, teachers picketed each of the six school buildings located in the school district.

On September 2, 1969, the plaintiff filed its complaint for a permanent injunction with a motion for an interlocutory injunction. Defendants answered only the motion for the interlocutory injunction. During the hearings on that motion, the able trial judge brought the parties to-

gether, and both sides agreed to a procedure for continued negotiations. On September 4, 1969, the parties stipulated and agreed to an order which provided that the teachers would return to their classrooms by that morning, and would perform their services continuously through negotiations. The agreed order also contained the following provision which is pertinent to this appeal:

"9. There shall be no reprisals against defendant teachers if said defendant teachers are back in the classroom on Thursday morning, September 4, 1969, and performing their services continuously through negotiations; however, said defendant teachers shall not be paid for services not rendered."

All teachers returned to work on September 4, 1969, and after negotiations, the dispute was resolved, and the case was dismissed.

Thereafter, plaintiff paid the salaries of those teachers who attended the workshop on August 29 and were in their classrooms on September 2, but did not pay the wages of those teachers who were not present on those two days. Schools also were closed on September 3, but time lost for that day was made up later in the school year. The salaries for that day are not involved in this dispute.

Defendants thereupon filed this complaint, asking that plaintiff be ordered to pay all its teachers their salaries for August 29 and September 2. The complaint alleged that plaintiff's failure to pay the wages of all its teachers for the two days constituted a reprisal and was in direct violation of the order of September 4, 1969. Without hearing evidence, the court entered an order containing the following finding:

"The court hereby finds that (1) the Defendant teachers were required to be in Court on September 2, 1969 to answer the Complaint for Injunction of Plaintiff; (2) the Defendant Teachers had a right to defend the action as the strike was not totally unjustified as evidenced by the fact that some adjustment was subsequently made; and (3) the 2nd day of September, 1969 was not a school day;

It is therefore hereby ordered and decreed that the plaintiff pay each of the Defendant teachers for the day of September 2, 1969 as a teacher * * *."

The court refused to award salaries to the teachers for August 29, and no cross-appeal was taken by defendants from that ruling. Consequently, the only matter at issue on this appeal is the validity of the trial court's order directing plaintiff to pay the salaries of all its teachers for September 2.

■■ In *Board of Education v. Redding*, 32 Ill.2d 567, 207 N.E.2d 427, our Supreme Court observed that there is no inherent right in municipal

employees to strike, and that a strike of municipal employees for any purpose is illegal. In applying that policy to school employees, the Court went on to hold at p. 572:

> "Our own constitution impresses the General Assembly with the duty to 'provide a thorough and efficient system of free schools,' (const. of 1870, art. VIII, sec. 1,) and we believe it logically follows that those who, under the implementing statutes, become the agents to fulfill the will of the people in such respect are themselves charged with a duty to refrain from conduct which will render our schools less efficient and thorough. The drastic remedy of organized strikes against employing school boards is in direct contravention of such duty."

Since then, the court has reaffirmed its holding that a strike by school employees is unlawful as being in violation of the expressed public policy of this State. *Board of Education v. Kankakee Federation of Teachers,* 46 Ill.2d 439, 264 N.E.2d 18.

■■ Since a teachers' strike is unlawful and against public policy, the trial court erred in requiring plaintiff to pay the wages of those teachers who on September 2, 1969 were on strike and not performing services. Only brief comment is required concerning defendants' argument that they were not on strike, but rather rightfully withholding their services. The record clearly reflects that the actions of the teachers in absenting themselves from school on August 29 and September 2 constituted an organized strike. Indeed, during the proceedings, the trial judge continually referred to the teachers' conduct as a strike, and he accurately characterized it as such in his final order directing that the teachers be paid for September 2.

■■ Even if Illinois law permitted teachers' strikes, the order which awarded salaries to the teachers for September 2, 1969, was erroneous. On September 4, 1969, the parties entered into an agreed or consent order. Such an order amounts to a contract (*Cwik v. Condre,* 4 Ill.App.2d 380, 124 N.E.2d 612; *American Tar Products Co. v. Bradner Smith & Co.,* 238 Ill.App. 151), and its meaning is to be determined from its language. That agreed order contained the provision in Paragraph 9 that "defendant teachers shall not be paid for services not rendered." That language could only mean that those teachers who did not attend classes on September 2 were not entitled to their salaries.

For the reasons stated, the order of the circuit court is reversed.

Order reversed.

McGLOON, P. J., and DEMPSEY, J., concur.